WILSON *vs.* CHANDLER *et al*.

Where some of a number of tenants in common bring ejectment, they can only recover their respective shares.

Ejectment.   Estates.   Before Judge UNDERWOOD.   Haralson Superior Court.   September Term, 1877.

Reported in the decision.

WILLIAM J. HEAD, by JACKSON & LUMPKIN, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

Chandler, as guardian of her son, Richardson, and for herself, brought ejectment against Wilson *et al.* for certain lots of land located in Haralson county.   Both parties claimed under Elijah M. Little—the plaintiff, by virtue of a deed from Little to Wyatt Chandler, her deceased husband, dated April 27, 1863 ; the defendant, under a sheriff's deed, made under a sale, on the first Tuesday in August, 1873, under an execution against Little, based upon a judgment rendered in April, 1862.   The jury found for the plaintiffs the entire premises in dispute.   The evidence disclosed that Wyatt Chandler died soon after purchasing from Little, leaving a widow and six children, all of whom are now living, and only one of which children is a party plaintiff to this suit.

Three errors are assigned :

(1.) Because the court charged that if more than four years had elapsed, after the levy and before the sale, that the land was discharged from the lien of the judgment, and the sale was illegal and void, and that defendants got no valid title under the sale.

(2.) Because the court further charged, that plaintiffs in this action, being tenants in common, or joint tenants, with

five other persons, who are not parties to this suit, they were entitled to recover the entire lot of land from the defendants; that joint tenants and tenants in common were entitled to the possession of every foot of the land as against strangers to their title, and that Mary A., for herself, and as guardian for her son, Richardson, was entitled to recover the whole of the land, notwithstanding there were five other joint tenants or tenants in common who were not parties to this suit.

(3.) Because the court refused to charge as follows : that if they believed, from the evidence, that the plaintiffs in this action did anything to induce the sheriff to disobey the order of plaintiff's attorney to sell said land, and that the acts of the plaintiffs in this case did induce the sheriff to disobey the orders of plaintiff's attorney, then plaintiffs in this action could not recover.

In connection with the 1st and 3rd grounds, the evidence disclosed that the execution was originally levied on the property on January 29 and 30, 1869. In reference to this levy the sheriff enters on *fi. fa.* as follows :

" The above levy claimed under the homestead act, except 40 acres, belonging to Thos. J. Little, which was ordered not to be sold by plaintiff's attorney.

\*　　　\*　　　\*　　　\*

April 6, 1869.　　　　　　　　　L. C. DEAN, sheriff."

Dean, the former sheriff, testified that he made the entry, and did not then sell, because, on sale day, he was shown the record of a homestead in the land having been set apart to plaintiffs ; that, for this reason, he refused to obey the order of the attorneys for plaintiff in *fi. fa.* to sell.

In view of the ruling of this court in *Sanford vs. Sanford*, (58 *Ga. Rep.*, 259), the second charge of the court, excepted to was error. The plaintiffs, in whose name the demise was laid, were entitled to recover only their shares of the land sued for, the other children of Wyatt Chandler not being parties to the suit. The evidence in the record, upon which the other two grounds of error are based, not

being full and satisfactory, we express no opinion as to them, but reverse the judgment for error in the charge of the court that the two plaintiffs suing were entitled to recover the whole of the land sued for, on the statement of facts disclosed by the evidence in the record. Let the judgment of the court below be reversed and a new trial ordered.

Judgment reversed.