### THOMPSON *v.* SANDERS.

1. One tenant in common of land can not maintain against a cotenant an equitable proceeding having for its purpose the complete ousting of the latter from the possession of the land held in common and from all participation in the profits thereof.
2. Even if the will under consideration in the present case did not clothe the defendant in error with any title in his individual right, he certainly inherited an undivided one-fourth of his deceased wife's share of the land, and therefore the rule stated above applies.

Submitted June 20, — Decided July 20, 1901.

Equitable petition. Before Judge Russell. Banks superior court. September 19, 1900.

The petition of Thompson against Wiley S. Sanders alleged, in brief: The defendant's father died leaving a will, made in 1884, which provided as follows: "I will and bequeath unto my son, Wiley S. Sanders, my home place . . in trust for his wife M. A., and her children, during his life, and at his death to be their property, and this property not to be sold for debts contracted by him; to have and to hold the same in trust for his wife and children." The wife referred to is dead; her children, three in number, have attained their majority and have executed deeds conveying to the plaintiff their respective interests in the property devised; the trust is fully executed, and the plaintiff is entitled to the property and to a stated sum as rents for the period following his purchase of the interests conveyed to him. The defendant "has held said place all the while," and has not accounted to the plaintiff for the rents, and is insolvent. The petition prayed that it be decreed that the trust is executed, that the defendant has no interest in the property, and that the full legal title is in the plaintiff, and that he recover possession of the land; that the defendant be required to account for the rents; and that a receiver be appointed to take charge of the land and of the rents and profits for the current year. The court, on demurrer, dismissed the petition, and the plaintiff excepted. The demurrer was on the grounds: (1) There is no equity in the petition. (2) It shows that the plaintiff is not entitled to any relief against the defendant. (3) It shows that the defendant has a life-estate in the premises, under the will. (4) It shows that the defendant has not only a life-estate, but a fee-simple interest in the premises as an heir at law of his deceased wife; and even tenants in common can not be interfered with by injunction or the appointment of a receiver, unless it appears that the premises can not be partitioned.

*Fletcher M. Johnson*, for plaintiff.
*W. W. Stark* and *J. L. Perkins*, for defendant.

COBB, J. 1. As a general rule the remedy of one tenant in common who desires to obtain possession of his portion of the property as against his cotenant is to institute proceedings at law to have the land partitioned. Civil Code, §§ 3146, 4786. In *Logan* v. *Goodall*, 42 *Ga.* 96 (5), it was held that one tenant in common might maintain against his cotenant an action of ejectment and obtain a judg-

ment placing him in possession jointly with the defendant, and that any equities between them could be thereafter settled by a writ of partition or a bill in equity. The ruling made in that case was, however, disapproved as obiter in *Sanford* v. *Sanford*, 58 *Ga.* 259, 261, where it was held that a tenant in common might sue severally in ejectment, but could recover no more than his own interest. See also *Wilson* v. *Chandler*, 60 *Ga.* 130; *Dupon* v. *McLaren*, 63 *Ga.* 470; *Baker* v. *Middlebrooks*, 81 *Ga.* 494. It seems, therefore, that a tenant in common may recover in ejectment from his cotenant his interest in the property. If one tenant in common is in possession of more than his share of the property, or is committing waste, or is receiving more than his share of the rents and profits, he is liable to account to his cotenant. Civil Code, § 3144. Where a tenant in common is receiving more than his share of the rents and profits, equity will take jurisdiction of the matter and adjust the accounts between them. Civil Code, §§ 3147, 3989. See also *Daniel* v. *Daniel*, 102 *Ga.* 184. And where the peculiar circumstances render a proceeding in equity more suitable and just, equity will take jurisdiction and partition the property. Civil Code, § 4783; *Tate* v. *Goff*, 89 *Ga.* 184, and cases cited. But an equitable petition having for its object the complete ousting of a tenant in common from the possession of the property and from all participation in the profits thereof is certainly not maintainable by a cotenant. In order for a cotenant to get a standing in a court of equity, he must come willing to do equity, and to do equity he must concede and accord to his cotenant whatever rights he may have in the property.

2. In the present case it appears on the face of the petition that the defendant is the owner in fee of a one-sixteenth undivided interest in the land in controversy as one of the heirs at law of his wife, who, so far as appears from the allegations of the petition, died possessed of a one-fourth undivided interest in the property. The defendant is therefore a tenant in common with the plaintiff. The petition was framed on the idea that the defendant had no interest whatever in the property, and prays for a decree to that effect. It can in no view be treated as an action to recover simply the plaintiff's interest in the land as a tenant in common. Nor can it be treated as a petition for an accounting between tenants in common. It is true the petition alleges that the defendant has never

"accounted to the plaintiff for the rents." But the plaintiff is claiming a right to all the rents. He is not willing to do equity and accord to the defendant his portion of the rents or of the land. According to the allegations of the petition, the defendant is already a wrong-doer, and the plaintiff seeks to become one. The defendant has collected and appropriated to his own use all of the rents and profits, and the plaintiff prays that he may be allowed to do the same thing. A court of equity has no ears for such a plea, but will leave the parties where it finds them. It was argued that the defendant, Wiley S. Sanders, acquired a life-estate in the property under the above-quoted item of his father's will. We have not deemed it necessary to decide this question, since we are of the opinion that the ground of the demurrer which raised the point that the defendant was a tenant in common with the plaintiff, and that the plaintiff was for that reason not entitled to the relief prayed for, was well taken. There was no error in dismissing the petition.

*Judgment affirmed. All the Justices concurring.*