## O'NEAL *v.* VEAZEY *et al.*

1. Where an action for damages was brought for the desecration of a burial ground by certain persons alleging themselves to be the heirs at law and nearest of kin of the original owner, being his grandchildren and great-grandchildren, and owning the lot and easement, there was no error in allowing an amendment adding the names of certain other persons as other grandchildren and great-grandchildren, whose names had been omitted from the original petition by inadvertence and oversight of the plaintiffs' attorney.

2. Nor, in connection with the allegations of the petition, was there error in allowing an amendment which alleged that, by the destruction of the trees and shrubbery upon the burial ground, the defendant not only damaged the lot but also committed an injury to the feelings and peace and happiness of the plaintiffs.

3. The evidence authorized the verdict, and none of the other rulings complained of are such as to require a new trial.

MARCH 10, 1915.  REHEARING DENIED APRIL 23, 1915.

Action for damages.  Before Judge Park.  Greene superior court.  June 4, 1914.

*Noel P. Park,* for plaintiff in error.  *James Davison,* contra.

LUMPKIN, J.  J. A. Veazey and several other plaintiffs brought suit against Alex. S. O'Neal, alleging in substance as follows:  The

administrator of Jesse Veazey conveyed to W. C. Merritt a certain tract of land containing 117 acres, more or less, reserving a certain portion thereof as a family burying ground. O'Neal has purchased the fee to the property surrounding the burial ground, with full notice of the reservation thereof. The burial ground contains the graves of Jesse Veazey, his wife, and most of his immediate kin, and ancestors of the plaintiffs. Plaintiffs are the heirs at law and next of kin of Jesse Veazey, being his grandchildren and great-grandchildren, and have the right to be buried there if they so desire. The plaintiffs are in possession of the burial ground and own the easement and right of burial therein. O'Neal has by himself and his agents entered upon the burial ground and injured and defaced it by cutting down and destroying six large cedar trees and one walnut tree, which had been set out thereon by the wife of Jesse Veazey. By himself and his agents, O'Neal has also cut and destroyed certain small shrubbery from the burial plat and has cultivated it, thereby desecrating it and making it unfit for the purposes of the reservation in the deed to O'Neal. The trees and shrubbery made the cemetery lot valuable, and their destruction damaged the property to the extent of $500. O'Neal committed the trespasses with the full knowledge of the associations connected with the burial ground and of its value, with all it contained, to the plaintiffs. By amendment certain additional parties were made plaintiffs, they alleging that they were grandchildren and great-grandchildren of Jesse Veazey, and were omitted from the petition by inadvertence and oversight by the plaintiffs' attorney, and that each of them was interested in the suit in the manner set out in the petition. This amendment was allowed over objection, and exception was taken. The jury found for the plaintiffs $275. A motion for a new trial was overruled, and the defendant excepted.

1. The suit was for damages to a burial lot. It was brought by certain persons who alleged that they were grandchildren and great-grandchildren of the original owner, whose administrator had made a reservation of such burial lot in selling the tract of land from which it was excepted, and were the heirs of such person and owners of the lot and easement. If some of the grandchildren and great-grandchildren were inadvertently omitted from the petition, there was no error in allowing them to be added by amendment. This did not constitute the adding of new and distinct parties, but

rather fell within the provisions of the Civil Code (1910), § 5687, which declares: "In all suits by or against partners, or where any two or more persons sue or are sued in the same action, and the name of any person who ought to be joined in such action as plaintiff or defendant is omitted, the omission shall, on motion, be amended by adding the proper party instanter." The damages sought to be recovered were to the burial lot and right as a whole, and all parties entitled thereto could join in the same suit.

2. Objection was also made to amending the petition by alleging that by the destruction of trees and shrubbery O'Neal not only damaged the cemetery but also committed an injury to the peace and happiness of the plaintiffs. There was no error in allowing this amendment. In an action of this character such damages are recoverable in addition to special pecuniary damages, especially where the injury is wanton and malicious, or is the result of a reckless disregard of the rights of others, equivalent to an intentional violation of them. In connection with the allegations of the original petition showing a wilful trespass upon a burial ground, the allowance of this amendment was not error. *Jacobus* v. *Congregation of the children of Israel,* 107 *Ga.* 518 (33 S. E. 53, 73 Am. St. R. 141); *Louisville & Nashville R. Co.* v. *Wilson,* 123 *Ga.* 62, 71 (51 S. E. 24, 3 Ann. Cas. 128). In this connection see *Medical College of Georgia* v. *Rushing,* 1 *Ga. App.* 468 (57 S. E. 1083); 1 Cooley on Torts (3d ed.), 498 (side p. 280); 1 Sedg. Dam. (9th ed.) § 431.

3. The evidence authorized the verdict, and none of the other rulings complained of are such as to require a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*