## HORN *v.* TOWSON.

1. Proof of title of tenants in common to land from which timber has been cut and removed by one of them, superior to the title of an adverse claimant of such land (and in consequence such timber), will entitle the tenant so cutting and removing the timber to its proceeds, as against such adverse claimant in a proceeding brought by the former against the latter for the recovery of the proceeds of this timber, notwithstanding the fact that the tenant cutting and removing the timber in such proceeding alleges ownership of the land and timber in severalty. If such tenant got more of the profits of the joint property than he

---

Appeal and Error, 3 C. J. p. 978, n. 37.
Executors and Administrators, 24 C. J. p. 804, n. 56 New.
Replevin, 34 Cyc. p. 1520, n. 69.
Tenancy in Common, 38 Cyc. p. 75, n. 14; p. 117, n. 63 New.
Trial, 38 Cyc. p. 1486, n. 67; p. 1618, n. 36.

was entitled to, his cotenant can compel him to account for any excess of his share of such profits; but such adverse claimant can not avail himself of this fact to defeat the cotenant so suing from recovering the proceeds of the timber so cut and removed.

2. The court did not err in not making the administrator of the sheriff who sold this timber and received the proceeds of the sale a party to this cause before proceeding with the trial, it appearing that the sheriff had paid the funds arising from said timber into the registry of the court, and no judgment being sought against the sheriff or his administrator.

3. A ground of a motion for new trial which complains of the admission of various deeds must be complete in itself, and such deeds must be set out in full, or the substance thereof stated, or copies thereof attached to the motion for new trial; and this court will not look to the brief of evidence in order to pass on such a ground.

4. The consent rule set out in section 5585 of the Code of 1910 is applicable only to actions of ejectment brought in the fictitious form.

5. The fifth ground of the amendment to the motion for new trial is without merit.

6. The court did not err in failing to charge the law of actual possession, as defined in section 4165 of the Civil Code, as such instruction was inapplicable under the evidence, the possessio pedis of the defendant not being so defined as to entitle him to recover upon the basis of actual possession.

7. The verdict is supported by the evidence.

No. 5452.  October 14, 1926.

Equitable petition.  Before Judge Camp.  Laurens superior court.  April 13, 1926.

*M. H. Blackshear,* for plaintiff in error.

*I. S. Chappell* and *L. L. Porter,* contra.

Hines, J.  For the pleadings and issues involved in this case, see the report thereof when it was here before. *Towson v. Horn,* 160 *Ga.* 697 (128 S. E. 801).  On the last trial the jury returned a verdict in favor of Towson.  Horn made a motion for new trial, which was overruled, and to this judgment he excepted.

1. Horn brought bail-trover, in the city court of Dublin, against the M., D. & S. Railroad Co., to recover certain timber shipped by Towson over that railroad.  The railroad company surrendered the timber to the sheriff, who, under the order of that court, sold the same and held the proceeds.  Towson filed his equitable petition in Laurens superior court, in which he alleged that said timber was cut upon land to which he had title, and that it was his property and not the property of Horn.  Towson prayed that Horn be restrained from proceeding with his trover suit in the city court, that the sheriff be enjoined from paying out the

money arising from the sale of said timber, that the trover suit be consolidated with this proceeding in the superior court, "where affirmative equitable relief can be granted, and where the title of the land, which was necessary to be decided, can be decided." In answer to this equitable proceeding, Horn asserted that this timber was cut on land to which he had the title, and that it belonged to him.

On the trial in the superior court, Towson, in order to show title in himself, introduced a deed from certain grantors to himself and J. C. Towson, to a tract of land embracing, as Towson claims, the land on which the timber in dispute or some of it was cut, dated May 10, 1917. He testified that in the spring of 1920 there was a parol division of this tract of land between himself and J. C. Towson, and that under this division the land on which this timber or some of it was cut fell to him. To rebut the proof of Towson as to said parol division, Horn tendered in evidence a security deed given by W. F. Towson and J. C. Towson to Read Phosphate Company, dated February 16, 1921, embracing the tract of land which Towson testified had been divided under said parol division between himself and J. C. Towson. The court below rejected this deed, and to this ruling error is assigned by Horn. He contends that the plaintiff can not recover the full proceeds of the sale of this timber unless he owned the land from which it was so cut in severalty, and that the fact that the plaintiff and J. C. Towson gave this security deed after the alleged parol partition of this land between them tends to show that there was no such parol division thereof, and that the plaintiff did not own the whole interest in this land, for which reason the verdict in his favor is contrary to law.

The defendant further asserts that this proceeding was in effect an action of ejectment, and that in such an action, while a tenant in common may sue severally, he can recover no more than his own interest. Undoubtedly this is true. *Sanford* v. *Sanford,* 58 *Ga.* 259 (2); *Wilson* v. *Chandler,* 60 *Ga.* 129; *Thompson* v. *Sanders,* 113 *Ga.* 1024, 1026 (39 S. E. 419). The reason of this rule is, as stated in *Sanford* v. *Sanford,* that cotenants might be prosecuting their several actions at the same time, that one could not recover the whole premises, that one could not be rightfully the means of obstructing or defeating the other, that the recovery

of the whole by one could not be pleaded by the defendant in bar of the other suit, and that a successful defense against the suit of one could not be used to protect the defendant against a subsequent action brought by the other. This principle, however, is not applicable under the facts of this case. Every tenant in common has the right to possess the joint property; and if he does not receive more than his share of the rents and profits thereof, he is not liable to his cotenant. Civil Code (1910), §§ 3724, 3727. Certainly the defendant would not be liable to the cotenant of the plaintiff for profits received by the plaintiff from the joint property in excess of his share. Proof by the plaintiff that he and his cotenant had title to the land from which this timber was cut, superior to that asserted by the defendant, would defeat the claim of the defendant to the timber; and if it appeared, which is not true, that the plaintiff is receiving from the joint property more than his share of the profits, that was not a matter which concerned the defendant. In such a case the plaintiff could be held liable to account to his cotenant for the excess of such rents and profits received by him; but such fact would in no way entitle the defendant to the grant of a new trial in this case. The defendant could not use the title conveyed by this security deed to interfere with the rights of the plaintiff, without connecting himself in some way with this deed. *Ashley* v. *Cook,* 109 *Ga.* 657 (35 S. E. 89); *Pusser* v. *Thompson,* 132 *Ga.* 280 (64 S. E. 75, 22 L. R. A. (N. S.) 571). So the trial judge did not err in rejecting this instrument.

. 2. In the second special ground of his motion for new trial the defendant asserts that the court erred in not making the administrator of the sheriff who sold this timber and received the proceeds of the sale a party to this cause before proceeding with the trial, it appearing that the sheriff was dead and that an administrator had been appointed on his estate. By a note to this ground the court states that this fund was paid by the sheriff into the registry of the court. In view of this fact, and in view of the further fact that no judgment was prayed against the deceased sheriff or his administrator, the ruling of the court in this matter was not erroneous.

3. In the third special ground of the motion for new trial the defendant asserts that "the court erred in admitting and in

allowing to remain in evidence, over objection of defendant, the various deeds constituting plaintiff's chain of title, the ground of objection being that the description in said deeds was too vague and indefinite to be the basis of a recovery by the plaintiff of the land in controversy, and that said deeds did not convey the land in dispute." It is well settled by numerous rulings of this court that a ground of a motion for new trial which complains of the admission of documentary evidence must be complete in itself, and must set out such evidence in full, or state the substance thereof, or attach a copy thereof to the motion for new trial. This court will not look to the brief of evidence in order to pass on such a ground. *Central of Georgia Railway Co.* v. *McClifford,* 120 *Ga.* 90 (47 S. E. 590) ; *Gilbert* v. *Faircloth,* 155 *Ga.* 388 (117 S. E. 246).

4. In the fourth ground of his motion for new trial the defendant complains that "the court erred in failing to charge the jury the consent rule as set forth in section 5585, Code of Georgia, 1910." This principle is applicable alone to an action of ejectment brought in the fictitious form under the common law. It has no application to a proceeding of the kind instituted by the plaintiff in this case.

5. In the fifth ground of the motion for new trial the plaintiff alleges that the court erred in permitting the defendant's counsel, over objection and without restraint, rebuke, or correction, to assume before the jury a position that plaintiff had been in possession of the land in controversy ever since his claim of purchase and was in possession at the moment of the trial, and that the defendant was not and .had not been in possession of said land, although he ruled with defendant that the burden was on the plaintiff. This ground is without merit.

6. In the sixth ground the defendant alleges that the court erred in not charging the law of actual possession, as defined in section 4165 of the Civil Code of Georgia, as actual possession was a controlling and vital issue in the case, and was the main defense relied upon by him. We do not think that the evidence required a charge upon this subject. If the defendant acquired a prescriptive title, it was by virtue of constructive and not actual possession. A verdict in his favor, based on actual possession, would not be supported by the evidence, as his possessio pedis was not defined.

7.   The verdict was supported by the evidence.

*Judgment affirmed.   All the Justices concur.*