29157. FLYNT v. FLYNT.

DECIDED SEPTEMBER 27, 1941.

*A. M. Zellner,* for plaintiff. *W. M. Dallas, John E. Holliman, E. A. Stephens, Howard H. Hamrick,* for defendant.

SUTTON, J. Miss Patie Flynt brought suit against Mrs. Nellie Marchman Flynt for damages, the petition as amended alleging substantially as follows: The defendant is a sister-in-law of the

plaintiff, having married Dr. H. L. Flynt, plaintiff's brother, who died on December 28, 1937, at The Rock, Upson County, Georgia. The plaintiff's father, C. G. Flynt, died on February 24, 1903, and her mother, Mrs. Patience Flynt, wife of C. G. Flynt, died on December 26, 1906, and both were buried in Culloden Cemetery, Monroe County, Georgia, in a lot therein known as "C. G. Flynt cemetery lot," the size of the lot being 17 x 27 feet. The plaintiff's father was buried on the lot at a time when no one had acquired a deed thereto, the title then being in the City of Culloden. More than five months after the death and burial of the plaintiff's father a deed to Dr. H. L. Flynt, the plaintiff's brother, was executed under date of August 17, 1903, and was duly recorded. This deed recited a consideration of $20, and was signed by E. T. Wynn, Mayor. Mrs. Patience Flynt, the plaintiff's mother, bought the lot at the time of C. G. Flynt's death, but for some unknown reason the deed was made, not to her, but to Dr. H. L. Flynt, who has always recognized the lot as that of his father and mother and of their immediate family, and not the lot of Dr. H. L. Flynt, because he is buried in Barnesville cemetery. At the time the plaintiff's father, C. G. Flynt, was buried in the cemetery lot in Culloden, and when the City of Culloden was the title holder but possession was in C. G. Flynt by and with the consent of said city, the plaintiff was and now is an heir at law of said Flynt and his wife, Mrs. Patience Flynt, and is entitled to bring the present suit. Many years ago, around the cemetery lot in which the plaintiff's father and mother were buried, monuments were erected over each grave of the plaintiff's deceased parents, granite or marble coping was placed around the lot, and two flower urns were placed at the foot of each grave. There was also placed on the lot an entrance block on which was engraven in large letters the word "Flynt." On or about the latter part of March or the first of April, 1938, the defendant, in violation of the laws of this State and of the plaintiff's rights, removed or caused to be removed, under her supervision and direction, the coping around the cemetery lot, the corner marble posts, the flower urns, and the entrance block, and carted them away from the cemetery lot and beyond the borders of Monroe County. This was done by the defendant wantonly and wilfully, was a tortious act against the rights of the plaintiff, and was done for the purpose of embarrassing and harassing the plaintiff and to

cause her chagrin, mortification, humiliation, insult, and injury. The defendant procured, employed, "and/or" hired one Moore, a marble owner and worker in Barnesville, Georgia, to remove the coping from the said cemetery lot in Culloden, and damaged the graves in that they caved in, to the loss and damage of the plaintiff.

Sometime after the removal of the coping, corner posts, entrance block, and urns from the said lot the plaintiff made a trip to the lot during the latter part of April, 1938. Upon arriving at the cemetery lot, and upon seeing the coping, corner posts, the urns, and entrance block all gone, the plaintiff, humiliated, embarrassed, and mortified at the sight of what had been done, fainted in the lot, and did not regain consciousness for more than an hour afterwards. Upon her return to Atlanta she consulted and was examined by her physician, and has been under his care and treatment ever since. Before and at the time of the commission of the tort by the defendant the plaintiff was in good health and capable of earning as a public stenographer $1500 per annum. Her earning capacity in the year previous to that in which the present suit was filed was reduced to about $600 per annum, and her weight reduced from 155 pounds to 118 pounds, all caused by the tortious acts of the defendant, causing the plaintiff mental and physical pain and suffering directly traceable to the acts of the defendant, and all caused by the wanton and wilful, premeditated and planned acts of the defendant in removing all of the marble coping, corner posts, urns, and entrance block from the cemetery. The defendant has been cold and indifferent to the plaintiff since she lived with the defendant and her husband, the plaintiff's brother, in Atlanta for a number of years, and removed from said home to a house and lot owned by the plaintiff's brother in Atlanta, where the plaintiff is now living and has been living for the past six years, having been put in possession of said house and lot by her brother, Dr. H. L. Flynt, to be used by her for and during such time as she desired to live there. The defendant is mad with the plaintiff because she is occupying the house, and for this reason has been mad with her for the past six years, and before the death of Dr. H. L. Flynt the defendant did all in her power to remove the plaintiff from the premises, and since his death has urged the plaintiff to remove therefrom. She does not speak to the plaintiff, and her animosity

towards the plaintiff culminated in the desecration of the Flynt cemetery lot. Judgment was prayed for $50,000, a doctor's bill of $30, a drug bill of $49.34, and $900 as loss of the plaintiff's earning capacity from May 1, 1938, to the date of the suit, $600 as the value of the coping, etc., removed from the lot, and for $750 as exemplary damages. The court sustained the defendant's general demurrer and dismissed the action, and the exception is to that judgment.

1. The petition does not allege facts showing injury to or removal of a monument, marker, or gravestone, or the desecration of the grave, of a deceased member of the plaintiff's family, in which case, after the death of the one who purchased the cemetery lot and caused or allowed such deceased person to be buried therein, the heirs at law of the person to whose memory the monument, marker, or gravestone has been erected may maintain an action for damages (*Jacobus* v. *Children of Israel,* 107 *Ga.* 518 (3), 33 S. E. 853, 73 Am. St. R. 141), but, properly construed on general demurrer, seeks to recover damages from the surviving wife of a deceased owner of the lot for an alleged trespass in removing therefrom coping, corner marble posts, flower urns, and an entrance block upon which the family name of the plaintiff was engraven. The allegations of the petition do not show any title in the plaintiff to the cemetery lot or the things removed therefrom, but, properly construed most strongly against the plaintiff, show that the title was in her deceased brother, the husband of the defendant, at the time of his death; and inasmuch as the defendant, in the absence of any allegation that he left any surviving child or children, must be regarded as having succeeded, under the inheritance laws of this State (Code, § 113-903(1)), to the title of her husband to the cemetery lot, she did not violate any right of the plaintiff in doing the acts with which she is charged, but was lawfully dealing with her own property. The petition did not set forth a cause of action, and the court did not err in sustaining the defendant's general demurrer and in dismissing the plaintiff's action.

2. Even if the petition had alleged facts bringing the case within the principles ruled in *Jacobus* v. *Children of Israel,* supra, cited and relied on by the plaintiff in error, the right to bring the suit would be jointly in all of the heirs at law of the interred persons; and the petition not showing that the plaintiff was the sole

heir at law, the suit could not be maintained by the plaintiff alone.

*Judgment affirmed. Stephens, P. J., concurs specially. Felton, J., concurs in the judgment.*

STEPHENS, P. J., concurring specially. I concur in the conclusion that under the allegations of the petition, which are stated at length above, there appears no right, title or interest in the plaintiff in the cemetery lot, and therefore there appears no right of action in the plaintiff against the defendant for damages for the alleged acts of trespass perpetrated by the defendant. Assuming that under the allegations in the petition title in the plaintiff's mother over three years before the mother's death is shown, it does not appear that title was ever transmitted to the plaintiff. The bare allegation in the petition that the plaintiff is heir at law to her mother and is entitled to bring the present suit is not sufficient to show that the plaintiff is the owner of the lot or has any right, title or interest therein.