31897. TURNER *et al. v.* JOINER *et al.*

604

Decided July 16, 1948.   Rehearing denied July 29, 1948.

*Frank S. Twitty, S. P. Cain,* for plaintiffs in error.
*Robert Culpepper, Robert B. Short,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is contended by counsel for the defendants that the general demurrer should have been sustained because the allegations of the petition do not support any desecration of a grave or burial ground or interference with use and enjoyment of the right of burial in cemetery lots, as contemplated in *Jacobus* v. *Congregation of the Children of Israel,* 107 *Ga.* 518 (33 S. E. 853, 73 Am. St. R. 141), and cases following this reasoning but at most alleges a trespass by the defendants; also that under the ruling of *Flynt* v. *Flynt,* 65 *Ga. App.* 862 (16 S. E. 2d, 794), in an action of this nature all the heirs of the persons buried in the cemetery lots must join as plaintiffs instead of only all the heirs of a particular deceased person, and that the flowers alleged to have been taken at the instance of the defendants were sent by friends and family relations and therefore the title to the flowers under the rulings of Busler *v.* State, 181 Tenn. 675 (184 S. W. 2d, 24), was not in plaintiffs as sole surviving heirs at law of the deceased and that consequently they could suffer no actual damages and are entitled to bring no action for trespass for the taking of something to which they had no title.

In *Jacobus* v. *Congregation of the Children of Israel,* supra, the cemetery was operated by a corporation engaged in the business of selling burial plots. Jacob Jacobus had bought such a burial plot. He had marked the same off by a row of bricks, and thereby he acquired title to the easement to bury his dead therein, which title descended to his heirs at law. The petition fails to show such a title in the plaintiffs in the instant case. As heirs at law of Mrs. Claude Joiner, their title and right of easement for burial purposes is derived by prescription rather than by purchase. Their dead were buried in this cemetery plot since the year 1912. Although it is a rural churchyard cemetery where the privilege of families to group their dead is respected as a matter of courtesy and custom, rather than by virtue of right and title, their rights in respect to the grave of Mrs. Joiner is

paramount to all persons except any who can show a superior title, which is not shown in the defendants.

In *Flynt* v. *Flynt,* supra, the exception was to the trial court sustaining a general demurrer to the petition. There, from the allegations of the petition, it appeared that the defendant had inherited whatever interest the Flynts owned in the cemetery plot in which plaintiff's deceased was buried, and that the property right was therefore not in the plaintiff, but in the defendant. The case was based upon a trespass for damages to the property which was owned by the defendant. It is therefore not in point with the instant case.

The Tennessee case of Busler *v.* State, supra, is one wherein the defendants were indicted for taking flowers from the grave of a deceased person. The indictment laid the ownership of the flowers in the donor. In upholding this indictment the Supreme Court of Tennessee held as follows: "One who makes a purchase of a floral design and sends it to a funeral home or to a cemetery, to be placed upon the grave of a relative or friend, as a memorial or token of esteem, has a special property interest in it so long as it remains in a condition to serve the purpose for which it was designed. Responding further to the question of possession, we think when these offerings were sent to the cemetery and placed upon the grave of the deceased, the owner of the lot where the body was interred had possession of them as trustees for the donors, and any trespass upon this property or felonious taking thereof was an offense against the right of possession of the donors. It results therefore that ownership was properly laid in the indictment as being in those persons who purchased these floral offerings and had them sent to the grave of the deceased."

Counsel for both sides appear to be unable to find any cases other than this as to the ownership of floral offerings made under these circumstances. While we also are unable to find any authority holding directly on this subject, under our general law of gifts and under the decisions of our appellate courts controlling the rights of heirs at law toward others who violate the sanctity of the relationship they hold toward their deceased, both before and after interment, we are unable to follow this Tennessee case.

Section 48-101 of the Code defines a gift as follows: "To con-

stitute a valid gift, there shall be the intention to give, by the donor, acceptance by the donee and delivery of the article given or some act accepted by the law in lieu thereof." Webster's Approved Dictionary defines a donor as a giver.

In dealing with what constitutes a desecration of graves or burial grounds, and in whom is vested the title or right of easement to bury in a cemetery, and in whom is vested the title to flowers that are sent by friends and relatives to the family of the deceased as a token of love and sympathy for them in their bereavement on account of the departure of their loved ones, we must not close our eyes "to the customs and necessities of civilization in dealing with the dead, and those sentiments connected with decently disposing of the remains of the departed which furnish one ground of difference between men and brutes." See *Louisville & Nashville R. Co.* v. *Wilson*, 123 *Ga.* 62 (51 S. E. 24, 3 Ann. Cas. 128), wherein Mr. Justice Lumpkin, speaking very eloquently for the court also said, "Death is unique. It is unlike aught else in its certainty and its incidents. A corpse in some respects is the strangest thing on earth. A man who but yesterday breathed, and thought, and walked among us has passed away. Something has gone. The body is left still and cold, and is all that is visible to mortal eye of the man we knew. Around it cling love and memory. Beyond it may reach hope. It must be laid away. And the law, that rule of action which touches all human things, must touch also this thing of death. It is not surprising that the law relating to this mystery of what death leaves behind can not be precisely brought within the letter of all the rules regarding corn, lumber and pig iron."

The *Jacobus* case, supra, deals with a cemetery where a corporation sold plots for burial purposes, but as men of reason and experience, we must take judicial cognizance of the fact that there are hundreds of cemeteries in this State adjacent to churchyards and in settlements or communities, where no deeds have ever been executed passing the title so as to give to any particular person the absolute right to bury his dead therein. The different families in such rural communities select plots large enough, they think, to accommodate their dead down through the ages. The other families respect this area and inter their dead in plots they have selected. In many instances the

unused portion of these plots, mentally reserved for the future deaths that must inevitably occur in their families, are not marked, fenced or otherwise set apart. To hold that only those invested with the legal title or easement for burial purposes in the soil where the remains of their deceased loved ones are reverently laid at rest, can maintain an action for the desecration of their graves, would deprive thousands of our rural people whose deceased relatives are buried in cemeteries such as are herein outlined of the right to protect the graves of those whose memory they hold so dear. To hold that it would require all of the heirs at law of A. L. Wamble to join as plaintiffs in an action for trespass upon the grave of Mrs. Joiner, the deceased in the instant case, would in effect require that all the heirs at law of all the deceased in the average country cemetery must join in an action for trespass upon a grave in such cemetery if that grave is not set apart from the other graves in some particular way to show title or right of easement for burial purposes in the heirs at law of the particular person in that grave. When the body of a deceased person is buried in such a cemetery, the right of those who placed it there must be held to be paramount as against all persons except any who can show a superior title or right of easement. In the instant case the defendants do not contend that they have a right for Mrs. Joiner not to have been buried in the particular grave where her last remains repose.

On the question of the title of the flowers, the gift is made to someone. It can not be the deceased as title to property can not be vested in the dead. The gift is nevertheless complete. There is present the intention to give by the donor. There is acceptance by the donee, usually and in this case members of the family who constitute a part of the heirs at law of the deceased. There is delivery of the article given. By express agreement, flowers given on occasions of death may be given to particular persons. By implication they may be given to persons other than the heirs at law of the deceased, where there are no heirs at law, or where the heirs at law are estranged and are taking no part in the funeral arrangements of the deceased. However, in the absence of any agreement to the contrary and dealing with this thing called death as suggested by Mr. Justice Lumpkin in *Louisville & Nashville R. Co.* v. *Wilson,*

supra, in a manner not precisely brought within the letter of all the rules regarding corn, lumber and pig iron, and in view of the decisions fixing the right of action in the heirs at law against those who violate the sanctity of the relationship they hold toward their deceased, both before and after interment, construed in connection with our Code section on gifts, we are of the opinion that when friends and relatives of deceased persons, donate flowers to be left upon the graves, the title to such flowers vests in the heirs at law of such deceased persons, provided that they accept the gifts, and there is no express agreement to the contrary. Where part of the heirs at law are present and in position to accept the flowers, they hold the same during the period of their usefulness as trustees for those heirs at law who are not present. For a general study of cases of this type see *Jacobus* v. *Congregation of the Children of Israel*, supra; *Wright* v. *Hollywood Cemetery Corp.*, 112 *Ga.* 884 (38 S. E. 94, 52 L. R. A. 621); *Louisville & Nashville R. Co.* v. *Wilson*, supra; *O'Neal* v. *Veazey*, 143 *Ga.* 291 (84 S. E. 962); *Phillips* v. *Smith*, 76 *Ga. App.* 705 (47 S. E. 2d, 156).

The defendants demurred specially to that part of the petition which alleges that the beauty of those offerings so gratified and impressed the members of the family of deceased that pictures were made at the grave so that this last memory and tribute to their mother and grandmother would be preserved, because said allegations constitute no element of a cause of action against the defendants and in favor of the plaintiffs, and is merely a conclusion of the pleader.

The defendants demurred specially to that part of the petition alleging that the divorced husband and grandson of the deceased went to the grave and discovered the missing flowers, because it is not alleged who was present at the cemetery besides C. W. Joiner Jr., and C. W. Joiner Sr., nor how nor in what manner C. W. Joiner Jr., and his father suffered great shock, mortification and embarrassment when they discovered the flowers had been removed from the grave. The defendants demurred specially to that part of the petition which alleges "its brazenness and total disregard of the rights of the plaintiffs . . has revulsed the entire community" upon the ground that said allegations constitute no element of a cause of action in favor of plain-

tiffs and against defendants and said allegations are prejudicial and harmful. The defendants demurred specially to that part of the petition alleging that Roy Wilder, acting under the express direction and command of the defendant, which direction was given to said Roy Wilder on the afternoon of August 5, 1946, by M. W. Turner Jr., Mrs. Audie Hudson and Ray Nazsworth, and while in line of duty and within the scope of his authority, and immorally, unlawfully and unconscionably taken and removed said flowers from the grave for the purpose of appropriating them to their use in their florist business and such act was done wantonly, wilfully, unlawfully, intentionally, maliciously and negligently, without authority of law and with reckless disregard of the rights of others and in violation of the criminal law in the manner of committing such larceny; that its brazenness and total disregard of the rights of the plaintiffs has shocked, wounded and injured their feelings and caused them chagrin, mortification, humiliation, insult and injury and has revulsed the entire community and the circumstances connected with the perpetration of this unlawful act, entitle the plaintiffs to the recovery of exemplary damages as well as special and general damages. The grounds of this special demurrer are that all of said allegations are merely conclusions of the pleader and set forth no facts that would justify the plaintiffs or either of them to recover damages of the defendants and especially exemplary damages.

The defendants demurred specially to that part of the petition charging them with criminal acts because it is contended that the allegations of the petition as a whole charge them with no criminal violations.

The petition does not, as suggested by the special demurrer, allege that C. W. Joiner Jr. was present with his father at the grave at the time of the discovery of the missing flowers. It does not allege that C. W. Joiner Sr., who is not a party plaintiff, suffered shock, mortification and embarrassment. This ground of the demurrer is itself therefore imperfect. In *Veal* v. *Beall*, 189 *Ga.* 31 (5 S. E. 2d, 5), it is said, "A special demurrer being a critic must itself be free from criticism." The parts of the petition complained of by the remaining grounds of special demurrer are not subject to the criticism made therein. This is a case where exemplary damages are asked on account of a tres-

pass upon the grave of a deceased person. The gratification and impression the plaintiffs experienced at the beauty of the floral offerings are material to illustrate the amount of shock and mortification, if any, they experienced at the removal of the same. The alleged brazenness and disregard of the rights of the plaintiffs is material to afford the jury a basis, subject to proof, for allowing or refusing exemplary damages. The taking of the flowers in the manner alleged, could amount to a crime under some circumstances. The remaining allegations of the petition complained of are not conclusions of the pleader but allegations of fact constituting proper pleadings in this type of case. Some of said allegations may be harmful and prejudicial but being germane to the cause, the plaintiffs are nevertheless entitled to plead them. See *Carusos* v. *Briarcliff Inc.*, 76 *Ga. App.* 346 (45 S. E. 2d, 802).

The record discloses other grounds of special demurrer, but the same not being insisted upon in the brief of counsel for the defendants, are treated as abandoned.

The petition sets forth a cause of action and the judgment of the trial court overruling the general and special demurrers to the petition is without error.

Special grounds 1, 2, and 3 contend that the trial court erred in charging various excerpts embodying the principle of the ratification of the tort of their agent or servant by the principals after it became known to them. It is contended that the charge of this principle of law was authorized by neither the pleadings nor the evidence.

It was not authorized by the pleadings. On the other hand, the evidence, although in sharp conflict on the subject, authorized the charge. The charge of this principle was requested by counsel for the plaintiffs. No objections were interposed to the evidence touching ratification. When evidence is submitted, without objection, relating to the same cause of action, which could have been authorized by an amendment to the pleadings, the trial judge is authorized, but not required without request, to charge upon the issue thus made by the evidence. See *Jones* v. *Hogans*, 197 *Ga.* 404 (supra). We have made a thorough study of all the cases cited in the briefs of counsel for the defendants and are convinced that none of them is applicable to this ques-

tion in the instant case. On the other hand there are many authorities that support the well-settled rule herein announced.

Special ground 4 of the amended motion for a new trial complains that the trial judge erred in stating to the jury the contentions of the parties, wherein he charged that the defendants filed their answer in response to the petition denying in the main the allegations of the plaintiffs' petition, contending that the defendants did not direct or command an employee of theirs, Roy Wilder, and contending that they ratified no act of Roy Wilder in removing the flowers from the grave of Mrs. Claude Joiner. It is contended that the petition contained no reference to any ratification on the part of the defendants of the tort, if any, of their servant, and that the answer of the defendants denying the allegations of the petition contained no reference to such ratification.

The truth of this contention can not be assailed. The trial judge was in error in stating to the jury that the defendants by their answer contended that they ratified no act of Roy Wilder in removing the flowers from the grave of Mrs. Claude Joiner. We can not see, however, where this error could be harmful to the defendants. As we have said in our discussion of special grounds 1, 2, and 3 of the amended motion for a new trial, it was the duty of the trial judge, counsel for plaintiffs having requested it, to charge on the subject of ratification. Since it must be charged it is not only harmless but helpful to the defendants to point out that they contended otherwise.

Special ground five contends that the trial court erred because in charging the jury on the preponderance of the evidence he undertook to charge Code § 38-107, and gave all of said section except that part which reads as follows: "the nature of the facts to which they [the witnesses] testified and the probability or improbability of their testimony," which part was entirely omitted by the court.

"When the judge undertakes to charge the law upon a particular subject, he should charge all on the subject that is material and applicable to the case." *Tucker* v. *Talmadge*, 186 *Ga.* 798, 800 (198 S. E. 2d, 726). The evidence in this case pertained to the unlawful removal of stands and forms and the flowers thereon from a grave and was somewhat unusual. There

was testimony to the effect that the defendants did not author-ize their agent or employee to take such articles from the grave or ratify his actions in so doing after he had done so. There was testimony in sharp conflict with this. There was testimony to the effect that the flowers were fresh and beautiful when taken from the grave of the defendants, without the plaintiffs' consent, two or three days after they had first been placed upon the grave. There was testimony to the effect that the flowers were withered, useless and worthless. In this kind of a case we think it unfortunate that the record shows that the judge did not charge that part of Code § 38-107 which says that the jury might take into consideration "the nature of the facts to which they [the witnesses] testified and the probability or improbability of their testimony" in determining where the preponderance of the evidence lies. *Tucker* v. *Talmadge,* supra; *Renfroe* v. *Hamilton,* 193 *Ga.* 194, 197 (supra); *Fountain* v. *McCallum,* 194 *Ga.* 269, 275 (supra).

The instant case is distinguishable from the case of *State Highway Board* v. *Bridges,* 60 *Ga. App.* 240 (3 S. E. 2d, 907), in that there while the omission to charge in express language that the jury might consider "the nature of the facts to which they [the witnesses] testified and the probability or improbability of their testimony" in determining where the preponderance of the evidence lies was sufficiently cured by the language of the charge as a whole; whereas in the instant case the omission to so charge was not sufficiently cured by the language of the whole charge so as to bring it within the rule "that when the judge undertakes to charge the law upon a particular subject, he should charge all on the subject that is material and applicable to the case." *Tucker* v. *Talmadge,* supra. The facts of this case differentiate it from the other cases cited by the defendants in error.

Viewing the case as a whole we are unable to say that the error pointed out in this ground was harmless; and on account of this error a new trial should have been granted.

■ Grounds 6, 7, and 8 of the amended motion for a new trial contend that the trial court erred in charging the jury as to the damages the plaintiffs might under certain circumstances be entitled to recover.

Ground 6 contends that the judge erred in his charge because

he defined general damages and special damages. He then told the jury that the plaintiffs in the case have sued to recover special damages in the value of the flowers and likewise to recover for injury to their feelings. He then charged Code § 105-2002 in substantially its language. This is charged to be error because it is alleged that it authorized a double finding by the jury for wounded feelings.

Ground 7 contends that the court erred in charging the jury as follows: "Gentlemen, in this case, if you are satisfied the plaintiff is entitled to recover, you first should address yourselves to special damages, if any, shown to have been suffered by the plaintiffs, and that is, the value of the flowers and stands involved. Then address yourselves to the question of general damages, that being a matter for the jury, the only measure of damages is the enlightened conscience of fair and impartial jurors." This is contended to be error because the instruction to the jury that the only measure of damages is the enlightened conscience of fair and impartial jurors was not confined to mental pain and suffering but was such as to lead the jury to believe that said measure of damages applied to other elements of damages sued for.

Ground 8 is contended to be error because the trial court after charging as set out in ground 6 of the amended motion for a new trial charged as follows: "The court charges you that if you believe by a preponderance of the evidence that Roy Wilder was directed and commanded by the defendants to remove the flowers and stands from the grave of Mrs. Joiner, the defendants would be liable. If you believe that Roy Wilder removed the flowers and stands from the grave of Mrs. Joiner without direction from the defendants, the defendants would not be liable, unless the plaintiffs show a ratification of the acts of Roy Wilder; that is that the defendants, with full knowledge of all material facts in connection with the transaction in question, accepted or received the benefits of the alleged unauthorized act." This charge is alleged to be error because it is contended that exemplary damages are not recoverable in the event the jury should find that the defendants did not direct Roy Wilder to commit the tort, and only ratified it after the same was committed.

Exemplary damages as provided for in § 105-2002 of the Code, are recoverable in an action of this kind. See *Phillips* v. *Smith,*

supra. Counsel for the defendants rely on *Baldwin* v. *Davis*, 188 *Ga.* 592 (8) (4 S. E. 2d, 458), in support of their contentions that the charge in the instant case authorizes double damages for wounded feelings. There, the vice was held to be the charging of both § 105-2002 and § 105-2003 which authorizes double damages for the same thing and is erroneous. See *Phillips* v. *Smith*, supra; *Franklin* v. *Evans*, 55 *Ga. App.* 177 (189 S. E. 722). In an action for wounded feelings the measure of damages must be determined by the enlightened consciences of impartial jurors. See *Baldwin* v. *Davis*, supra.

Where the principal ratifies the tort of the agent after its commission the liability of the principal is the same as if he had commanded it, provided the ratification is had with full knowledge on the part of the principal of the manner in which the tort was committed. See *Gasway* v. *Atlanta & West Point R.*, 58 *Ga.* 216 (supra); *Crockett Bros.* v. *Sibley*, 3 *Ga. App.* 554 (2) (supra).

These grounds of the amended motion for a new trial are without merit.

■ Special grounds 10 and 11 of the amended motion for a new trial are without merit. Special ground 9 and the general grounds are omitted from this decision because the case is to be tried again. For the reasons set out in headnote 3 and the corresponding division of the opinion a new trial must be granted.

*Judgment reversed. Sutton, C. J., MacIntyre, P. J., and Parker, J., concur. Felton, J., concurs specially. Gardner, J., disqualified.*

FELTON, J., concurring specially. ■ Irrespective of whether the title to flowers sent to the funeral of a deceased person vests in the heirs at law of the deceased, they have such an interest in them as will authorize them to bring an action for nominal damages, at least, because of a trespass committed in respect to such flowers after they are placed at a grave. This is not an action for trespass to the lot or grave and the rule in such cases as to who must sue does not apply. See *Jacobus* v. *Congregation of the Children of Israel*, 107 *Ga.* 518; *Flynt* v. *Flynt*, 65 *Ga. App.* 864. A petition setting forth an alleged tort and claiming damages generally, and special and punitive damages, also sets forth a cause of action for nominal damages and is not sub-

ject to general demurrer. *Hall* v. *Browning,* 195 *Ga.* 423 (24 S. E. 2d, 392).

■ I concur in the rulings on the special demurrers.

■ Grounds 1, 2, 3, and 4 of the amended motion for a new trial complain of the charge of the court authorizing the jury to find for the plaintiffs if the defendants did not direct or command Roy Wilder, the employee of defendants who removed the flowers from the grave site, but if they ratified the acts of Roy Wilder with knowledge of all the material facts in connection with the transaction. I think that such a charge was error. The evidence was in conflict on the subject, but Roy Wilder, witness for the plaintiffs, testified that he brought the flowers to the back of the shop in the truck and told one of the defendants that he had done so and that one of them directed him to strip the flowers from the stands. The gist of this action is the removing of the flowers from the grave site when they were fresh and beautiful. There is no evidence that a defendant knew that the flowers were still fresh and beautiful when he ordered them removed from the stands and there is no evidence that Roy Wilder removed the flowers maliciously, wantonly or with any improper motive and that the defendants knew of such purpose. Therefore the charge submitted to the jury a question not authorized by the pleadings or the evidence and was error requiring the grant of a new trial. The issue of ratification could not be made by the introduction of evidence which was otherwise admissible. It is only where the evidence is otherwise inadmissible that the rule stated by the majority applies.

■ I concur in the ruling in division 3 of the opinion.

■ The court erred in authorizing the jury to find punitive or exemplary damages for the reason that there was no evidence to authorize it. Even if the testimony of Roy Wilder is accepted, to the effect that another employee of the defendants directed him to remove the flowers three days after the funeral, there is no evidence that such employee or any defendant knew that at that time the flowers were still fresh.

■ The court erred in authorizing the jury to find general damages to be measured by the enlightened conscience of fair and impartial jurors. The only damages sought to be proved were special damages for the value of the flowers, and the only

basis for any other kind of damages was that for nominal damages if for any reason special damages were not recoverable.

■ The verdict for $2250 is excessive. Under the facts of this case, flowers given by relatives and friends of the deceased and her family and actually placed at the grave, were given for one specific purpose, as a token of love or friendship, in expression of sympathy, and with the intention that they remain at the grave until their life and freshness had gone. In such case it is never intended that any donee have a pecuniary interest in the flowers themselves, at any time, and while damages might be awarded in an action for vindictive damages for their removal, no action lies for the pecuniary value of the flowers themselves by the relatives of the deceased. Likewise there was no evidence authorizing punitive damages. Only nominal damages for a naked trespass were recoverable.