## BOMAR v. GILES.
### No. 12667.

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1949.

Willie Melmoth Bomar, in pro. per.

Ben F. Ray, Birmingham, Ala. for appellee.

Before HUTCHESON, McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

Brought pro se by appellant, the daughter of Dr. Bomar, deceased, against her nephew and his grandson, the suit, based on Jacobus v. Congregation of Children of Israel, 107 Ga. 518, 33 S.E. 853, 73 Am.St.Rep. 141, and similar cases, was to recover damages to plaintiff's feelings caused by defendant's willful desecration of her father's tomb located in the cemetery at Glenwood, Georgia.

Particularized the claim was that, without her knowledge and consent, defendant had changed the position of, and the inscription on, her father's headstone so that instead of serving as a marker for his grave alone, it served as a marker for dual graves, and because of defendant's negligence, the marker carries an ungrammatical inscription presenting an incongruous and undignified appearance to plaintiff's shame, mortification, and distress.

For answer, defendant, invoking Flynt v. Flynt, 65 Ga.App. 862, 16 S.E.2d 794, pointed out that plaintiff was not the sole heir at law of her deceased father, but that he, through his deceased mother, was an equal heir with her.

Defendant further alleged that his grandmother had died in 1937, and had been buried, by his mother and him, at the side of his grandfather; that before his mother's death she had asked him to see that the two graves be marked by a joint marker; and that since her death he had made the changes complained of in good faith and with the best intentions in order to carry out his mother's wishes.

He pleaded further that he did not consult with plaintiff because plaintiff in 1933 had

left the joint home occupied by his grand-mother, his mother and his aunt, and dis-associated herself thereafter from the family without in any way keeping them informed of her whereabouts.

Defendant's motion for summary judgment on the ground that plaintiff having no title to the cemetery lot, nor sole right in the graves, could not sue defendant having equal rights with her, was denied. Thereafter, the case proceeded to trial, and the evidence went fully into the question of title to the lot and marker, defendant's good faith, and his desire and purpose to rectify the grammatical error inadvertently made. The evidence concluded, the cause went to the jury on a charge fairly and fully submitting the issues. Plaintiff took no exception but on the contrary stated: "I am quite satisfied, your Honor. Thank you." There was a verdict for defendant, and plaintiff has appealed.

Here, without pointing to a single objection made to the charge or any other valid objection or exception, plaintiff urges upon us that the judgment should be reversed because "throughout the entire proceedings the court showed bias and prejudice against her by allowing all kinds of immaterial, incompetent and irrelevant issues to be presented for the sole purpose of influencing the jurors and prejudicing them against her."

This kind of general charge presents nothing for our consideration. Besides the record does not at all sustain this wholesale attack on the judge. However, because plaintiff is not a lawyer and for that reason did not make and preserve her record as she might have done had she been one, we have examined the whole record for the purpose of determining whether in the trial of the case any injustice has been done her. We have found no evidence of any. On the contrary, plaintiff was accorded a full and fair trial and given every opportunity to present the facts on which she relied, and the case was submitted to the jury on a fair charge, to which no exception was taken. We find neither basis nor reason for reversing the judgment, and it is affirmed.