33485. WEST VIEW CORPORATION *et al. v.* ALEXANDER.

DECIDED MAY 4, 1951.

*J. Ralph McClelland Jr., John L. Westmoreland, John L. Westmoreland Jr.*, for plaintiffs in error.
*Cullen M. Ward, McLennan & Cook,* contra.

FELTON, J. ■ Whether or not one or two separate and distinct causes of action would lie in favor of the owner of the fee or easement in a cemetery lot, one for trespass to the land to recover actual and punitive damages, and one for desecration of graves in which the damage would be to the feelings of the plaintiff (Code, §§ 105-2002, 105-2003), and whether or not one could pursue both causes of action without subjecting a defendant to double damages for wounded feelings, we think that, under the ruling in *Flynt* v. *Flynt,* 65 *Ga. App.* 862 (16 S. E. 2d, 794), the facts alleged are insufficient to show a cause of action for the desecration of graves, but are sufficient to show a cause of action for trespass to the land in favor of one who owns it in fee simple or one who has a burial easement therein. Code, § 26-3001; *Phinizy* v. *Gardner,* 159 *Ga.* 136 (125 S. E. 195); *Hale* v. *Hale,* 199 *Ga.* 150 (33 S. E. 2d, 441); *McDonald* v. *Butler,* 10 *Ga. App.* 845 (74 S. E. 573); 14 C.J.S. 95, § 36 (b); 172 A.L.R. 554. Such an action lies for the actual damage inflicted plus punitive damages allowable. Code, § 105-2002. See The Law of Cadavers (2d Ed., by Prentice-Hall). Such a case as this is not to be confused with an action brought by the next of kin of those buried in a cemetery after the death of the owner of the title to or easement in the lot, such as *Jacobus* v. *Children of Israel,* 107 *Ga.* 518 (33 S. E. 853). The case of *Flynt* v. *Flynt,* supra, is not authority for the proposition that an action for a trespass to the land must be brought in the name of the kin of those buried in the lot. *O'Neal* v. *Veazey,* 143 *Ga.* 291 (84 S. E. 962), seems to involve an identical action by heirs of the easement owner.

■ There is no merit in the contention that the court overruled the demurrer calling upon the plaintiff to attach her deed to the petition. The petition did not show on its face that the deed contained restrictions or agreements concerning the upkeep of the lots. The demurrer was a speaking demurrer, and the question sought to be resolved is a matter of affirmative defense.

There is no merit in the exceptions to the overruling of the other special demurrers, in view of the elimination of objectionable allegations in the rewritten petition, assuming that they were duly renewed to the petition as redrafted.

The court did not err in overruling the special demurrers

814

which are the subject matter of exceptions, or in overruling the motion to dismiss the redrafted petition on the ground that the action was not brought by all the heirs of those buried on the lot.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*