33912.   KITCHENS *v.* JEFFERSON COUNTY *et al.*

DECIDED APRIL 11, 1952.

*M. C. Barwick, O. B. Cannon,* for plaintiff.
*Frank Hardeman, Q. L. Bryant,* for defendants.

SUTTON, C. J. ■ The petition shows that the plaintiff owns an undivided one-sixth interest in the cemetery lot in question, as an heir of his father who owned the lot prior to and at the time of his death and was buried in it. A joint tenant, tenant in common, or other person having a part interest in lands or tenements may have and maintain an action for damages for injury to his interest therein, without joining with him any other person as plaintiff. Code, § 33-103. See also Code, § 3-111; *Sanford* v. *Sanford,* 58 *Ga.* 259 (2); *Wilson* v. *Chandler,* 60 *Ga.* 129; *Crawford* v. *Clark,* 110 *Ga.* 729, 739 (36 S. E. 404); *Thompson* v. *Sanders,* 113 *Ga.* 1024 (39 S. E. 419). The suit was brought for damages to the plaintiff's interest in the lot, not to the whole or joint interest therein, and for punitive damages. The petition does not show that the defendants owned the cemetery lot, and this distinguishes the present case from that of *Flynt* v. *Flynt,* 65 *Ga. App.* 862 (16 S. E. 2d, 794), relied on by the defendants. See *Turner* v. *Joiner,* 77 *Ga. App.* 603, 611 (48 S. E. 2d, 907).

■ It is alleged that Wylly T. Jordan, a Commissioner of the Board of Roads and Revenues of Jefferson County, at the instance of and in concert with Lonnie Williams, the Mayor of the Town of Bartow, instructed J. B. Stanley, the county warden, to direct E. L. Brim, one of his employees, to make an entrance to Bartow Cemetery over the Kitchens plot, and that E. L. Brim, under these instructions and directions, caused the county's con-

vict labor to tear away a portion of the brick wall separating the plot on the south side from the road to the Bartow School, to place a culvert in the ditch between the road and the Kitchens plot, to pull up iron stakes on the plot marking the graves of the plaintiff's relatives, to strip the limbs from a large cedar tree located in a corner of the Kitchens plot, and to make a roadway into the cemetery over the Kitchens plot and across the graves of the Kitchens family. These allegations were sufficient to show a trespass on the part of the individual defendants against the rights of an owner of an interest in the burial plot. *West View Corp.* v. *Alexander,* 83 *Ga. App.* 810 (65 S. E. 2d, 38); *Turner* v. *Joiner,* 77 *Ga. App.* 603, supra; *O'Neal* v. *Veazey,* 143 *Ga.* 291 (84 S. E. 962). Officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers, if done oppressively, maliciously, or without authority. Code, § 69-208. Malice may consist in "a general disregard of the right consideration of mankind, directed by chance against the individual injured." Code, § 105-1002. The allegations of the petition as above set out show such general disregard of the right consideration of mankind as would make these officials personally liable. Furthermore, "One who procures or assists in the commission of a trespass is equally liable with the actual perpetrator for the damages which the owner of the property sustains thereby." *Burns* v. *Horkan,* 126 *Ga.* 161, 165 (54 S. E. 946); Code, § 105-1207. The petition set out a cause of action against the individual defendants.

■ The petition may also be construed as setting out a cause of action for the taking and damaging of private property for public purposes without just and adequate compensation being first paid, as provided by article 1, section 3, paragraph 1, of the Constitution of 1945 (Code, Ann., § 2-301). *City of Atlanta* v. *Due,* 42 *Ga. App.* 797 (157 S. E. 256), and citations. It was alleged that the entrance or street complained of was made into the cemetery in the Town of Bartow and over and through the Kitchens plot in said cemetery. Under the facts alleged, Jefferson County would not be liable for the taking and damaging of the plaintiff's interest in the cemetery lot by the construction of the street or entrance into the cemetery, on the theory that a

county may co-operate with a municipality within the county in the construction of certain roads and streets which form a part of a county or State system of highways (Code, Ann. Supp., § 23-601), for the entrance to the cemetery was not such a street or highway. The alleged taking and damaging of the plaintiff's property was for a public purpose of the Town of Bartow, not of Jefferson County, and the cemetery entrance formed no part of the county or State highway system in the Town of Bartow.

The contention is made that the acts of locating the new entrance into the cemetery and directing that it be made were not shown to be those of the town but only of the mayor thereof, personally and individually. The charter of the Town of Bartow (Ga. L. 1914, pp. 444, 445) authorizes the location and laying off of new streets, alleys, or ways within the town and the alteration of the same. This distinguishes the present case from that of *McDonald* v. *Butler*, 10 *Ga. App.* 845 (74 S. E. 573), where it was held that a city was not liable for a trespass committed by its officers in disinterring the remains of a person buried in a municipal cemetery, in the absence of charter power in the city to do so. The charter of the Town of Bartow also provides that the mayor is the supreme executive officer of the city government, exercising in all things a general supervision of the city's affairs (Ga. L. 1914, p. 433), and the petition shows that the entrance to the cemetery was made at the mayor's instance. "If the entry upon land which is graded and opened for a street was unauthorized and tortious, the tort-feasor would be estopped to defend, as against the action of one who had been injured, upon the ground that the action of the municipal authorities was unauthorized." *City of Atlanta* v. *Williams*, 15 *Ga. App.* 654 (8) (84 S. E. 139). Here, the Town of Bartow is estopped to defend the plaintiff's action on the ground that acts of the mayor were unauthorized.

■ The petition set out a cause of action against the Town of Bartow and the individual defendants, but not against Jefferson County; and the trial judge erred in sustaining the demurrers and dismissing the petition as to the Town of Bartow and the individual defendants.

*Judgment reversed in part and affirmed in part. Felton and Worrill, JJ., concur.*