ATLANTA, STONE MOUNTAIN & LITHONIA R. CO. *v.* BRADLEY.

ATKINSON, J. John Bradley sought to enjoin the Atlanta, Stone Mountain & Lithonia Railroad Company, as a trespasser, from constructing a spur-track over a narrow strip of his land. The defendant was chartered under the general law, by the secretary of State, as a commercial railroad company. When the petition for injunction was presented to the judge he granted an order, which, among other things, commanded the defendant to show cause at a designated time and place why injunction should not issue, and in the meantime restrained the defendant from committing the alleged wrong. After institution of the suit the railroad company commenced statutory proceedings to condemn the land. The plaintiff then amended his petition, alleging, among other things, that the spur-track was not for a public use, but was merely intended to afford transportation facilities to a business concern engaged in a private enterprise, and that the right of eminent domain could not be exercised for such a purpose. Upon such allegations it was sought to enjoin the company from further prosecuting the condemnation proceedings. Another rule was granted which also restrained defendant until the further order of court. Before the institution of suit the company, anticipating action by Bradley, hurriedly graded a road-bed over the land sought to be taken, and laid cross-ties and rails. These rails were not connected from either end with other rails of the spur-track, but were so arranged that in the further construction of the track a connection could be made from both directions. After the grant of the rule based on the petition as amended, the judge, on application to modify the restraining order, passed the following: "It is ordered and adjudged that the restraining order heretofore granted be revoked, with the condition imposed that if on the hearing the court shall hold that the defendant company has not the power of construction [condemnation?] the court will require the removal of defendant's railroad upon such terms as may be imposed by the court; and the defendant company is permitted to operate its trains and carry on its operations across said property pending the disposition of the case, without prejudice in

any way to plaintiff's rights. Defendant is to use the track as now existing without alteration. This order is taken upon the application of the deft. co. July 12, 1913." On the interlocutory hearing the court granted an order enjoining the railroad company from interfering with the plaintiff's possession of his land, and from the prosecution of the condemnation proceedings. The court further ordered the railroad company, within twenty days, to remove the railroad track from the property of the plaintiff, in compliance with the conditions specified in the order modifying the restraining order. Exception is taken to this judgment. *Held:*

1. The railroad company was not authorized to take the land of the plaintiff without his consent, unless it could do so under the power of eminent domain.

2. While a commercial railroad company, duly chartered by the secretary of State, may ordinarily condemn private property under the power of eminent domain, the construction by such a company of a spur-track from its main line for the purpose of serving an individual enterprise only is not a public purpose, and will not suffice as a basis for taking private property under condemnation proceedings. *Mayor etc. of Macon* v. *Harris*, 73 *Ga.* 428; *Bridwell* v. *Gate City Terminal Co.*, 127 *Ga.* 520 (56 S. E. 624, 10 L. R. A. (N. S.) 909).

(a) Under conflicting evidence the judge was authorized to find that the railroad company was attempting to take and condemn the property of the plaintiff for the purpose of constructing a spur-track from its main line merely to afford transportation facilities for the owners of an individual enterprise.

3. Inasmuch as the railroad company was permitted by the court to operate its trains over the plaintiff's land under a stipulation for removal of the tracks in the event that the court at the interlocutory hearing should determine that the railroad company did not have power of condemnation, the requirement of the court that the railroad company should comply with such stipulation was not erroneous on the ground that the injunction was mandatory in character.

4. There was no abuse of discretion in granting the injunction.

*Judgment affirmed. All the Justices concur.*
May 16, 1914.

Injunction. Before Judge Pendleton. Fulton superior court. September 24, 1913.

*James L. Key,* for plaintiff in error. *R. B. Blackburn,* contra.