LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al. v.*
MERCHANTS AND FARMERS BANK.

HILL, J. 1. The petition as amended alleged that the main-line track and spur-track had been maintained along Wayne Street for thirty years without any express municipal authority. On May 20, 1927, the Mayor and Aldermen of the City of Milledgeville passed a resolution requesting the Milledgeville Railway Company and its lessees to relocate its railroad-track in Wayne Street by placing the same in the center of said Wayne Street and conforming the same to the grade of the street as established by the city engineer. After the filing of the original petition the city passed a resolution granting and empowering the Milledgeville Railway Company "the right to relocate the switch, frog, and lead of said spur-track in such position on Wayne Street as to permit the proper connection with said spur-track with the main track of said company." *Held:*

(a) The Civil Code (1910), § 2589, provides that no railroad company in this State shall have power to change its line of railroad "in any town or city after the road has been constructed, without the consent of such town or city expressed through its proper authorities," etc.

(b) The provisions of the ordinances above referred to, in regard to the change of the location of the main-line track from the east side of Wayne Street to the middle of that street, and the change of connection of the spur-track therewith, were sufficient to express municipal authority to so change the location of said track and employ the same in the operation of the railroad. .

2. "Although the General Assembly may empower a commercial railroad company to occupy the streets of a town or city with the consent of the municipal authorities, yet such permission is subject to the constitutional restraint that 'private property shall not be taken or *damaged* for public purposes without just and adequate compensation being first paid.'" "If the property of an abutting-land owner will be damaged by the laying and use of a track in the street, the railroad company must first pay or tender to such property owner just and adequate compensation for the damages consequential upon the construction of the track, and the uses to which it will be put. Upon failure to pay or tender the amount of such damages, equity will enjoin the construction of the track." *Athens Terminal Co.* v. *Athens Foundry,* 129 *Ga.* 393 (3, 4) (58 S. E. 891).

(a) If the proposed change in the connection of the spur-track with the main-line track as relocated would cause the spur-track in front of

the plaintiff's property to be nearer to said property than as originally located, the effect of which would be to cause consequential damage to the plaintiff, it would be the duty of the railroad company to ascertain and pay or tender all such consequential damages; and if the railroad company proceeded to make a change in the location of the spur-track without having paid or tendered payment of the consequential damages to the plaintiff, equity will enjoin such change in the location of the spur-track.

(b) The petition as amended alleged a cause of action, and was not subject to demurrer.

3. Under application of the principles ruled in the preceeding notes, the judge did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 6123. MAY 16, 1928.

Injunction. Before Judge Park. Baldwin superior court. June 20, 1927.

The Merchants and Farmers Bank brought an equitable petition for injunction against the Louisville and Nashville Railroad Company, and the Atlantic Coast Line Railroad Company, joint lessees of the Georgia Railroad and Banking Company (operating under the name of the Georgia Railroad) and of the Milledgeville Railway Company, to enjoin the defendants from reconnecting their spur-track to the main line of the Milledgeville Railway Company on Wayne Street in the City of Milledgeville, and from using the same, the spur-track having been disconnected in order to put the main line of the track in the middle of the street. Demurrers, both general and special, were filed, and also an answer. The judge at the interlocutory hearing overruled the demurrers, and restrained the defendants as prayed; and the defendants excepted. The petition as amended alleged in substance the following:

The plaintiff's banking house is located on the northwest corner of Wayne and Green streets in Milledgeville, and it is the owner of the warehouse immediately north of its banking house and occupied by a retail grocery company, both properties fronting on Wayne Street. The defendants are operating through the City of Milledgeville a railroad for hauling freight and passengers, and occupying Wayne street in the heart of the city. For a number of years there has been a switch-track or side-track as part of the trackage of the defendants' railroad, which switch-track or side-track began at a point near the intersection of Wayne and Green streets and ran in a north or northwesterly direction on the west

side of Wayne street immediately in front of petitioner's banking house. The defendants are now removing the side-track, and have actually taken up the rails and disconnected and severed the side-track from its main track, and are making all preparations to reconnect the side-track to the main track, and will in so doing change slightly the road-bed of the old side-track, leaving the side-track when connected with the main track directly in front of petitioner's place of business. The old side-track has been and the new side-track will be, if the prayers of this petition are not granted, laid along the west side of Wayne street without authority of law; and the use of said side-track by defendants will constitute and create a general and continuing nuisance and menace not only to petitioner, but to the general business and traveling public, for the following reasons: (a) that the side-track, when connected with the main track, will be used for the purpose of switching and drilling freight-cars; (b) that in so using the said side-track defendants will of necessity run engines and freight-cars diagonally through and partially across one of the principal business streets of said city for a distance of approximately 300 feet; that said track will be not only directly in front of petitioner's place of business, but will be directly in front of and in close proximity to the other places of business along the west side of Wayne street; (c) that defendants, in switching and drilling cars on and along said side-track, will of necessity, at times, completely obstruct the approach, from an easterly direction, to petitioner's place of business situated on the west side of Wayne street for a distance of the length of said side-track; (d) that during the time of switching and transferring cars on said side-track, which will be almost daily, the public travel and business of the stores and places of business along said side-track will be paralyzed to a great extent; (e) that in so using said side-track defendants' freight-cars will be switched onto said side-track and left standing thereon for the purpose of loading and unloading freight; (f) that in switching and placing cars on said side-track the steam escaping from defendants' engines, the ringing of bells, the exhaust and other noises incident thereto will be deafening, and, together with the smoke and hot cinders discharged from said engines, will practically close petitioner's place of business and the other places of business along said side-track, during

the time said side-track is being so used, and will be highly injurious to the health and comfort of the traveling public along said side-track as well as your petitioner's employees and customers; and if said side-track is so used by defendants petitioner will suffer irreparable loss and damage.

It is further alleged that the use of the side-track on Wayne street in the manner stated would be unjust, unlawful, and unreasonable, the effect of which will be to turn said street at the place mentioned into a freight-yard and freight-depot, and will constitute a common and general nuisance, detrimental and injurious to petitioner's business, as well as that of other property owners and users of Wayne street and of the public generally; that the defendant is attempting to reconnect and reconstruct the side-track along the west side of Wayne street unlawfully, for the reason that there never has been any authority granted to the defendants or any of their predecessors in title, by the Mayor and Aldermen of the City of Milledgeville, to lay said side-track; that the charter of the defendants' predecessor in title specifically provides that, in order to lay any side-tracks, switch-tracks, or other tracks in the City of Milledgeville, they must necessarily enter into an agreement and contract with the mayor and aldermen, authorizing the laying of such tracks as the company might desire; that there is no contract or ordinance authorizing the laying of said side-track, which was laid about thirty years ago; that the side-track, when connected will be used for the purpose of switching and drilling freight-cars, and from time to time defendants will back and switch cars onto said side-track for the purpose of leaving a car or cars in front of the John Conn Grocery Company and Chandler Brothers Grocery Company; that these cars will be left in front of the place of business of said grocery companies for the purpose of loading and unloading freight; that after the cars have been unloaded or loaded of freight, the defendants will return engines to the side-track for the purpose of removing therefrom the loaded or unloaded cars; that such use of the side-track will completely obstruct ingress from an easterly direction to plaintiff's place of business, by reason of the fact that the defendants' trains will necessarily have to pass along and directly in front of plaintiff's banking house; that the freight-cars left in front of the places of business of plaintiff and others will

not only obstruct the approach to places of business along West Wayne street, but will obstruct the approach to plaintiff's banking house, because in leaving the cars for the purpose of being loaded or unloaded, in front of Chandler Brothers store, the defendants will leave, as they have left, cars standing directly in front of the plaintiff's banking house, notwithstanding the fact that plaintiff never receives car-load shipments of merchandise; that such an obstruction of its place of business is unreasonable; that the switching and drilling of cars on and along said side-track causes to be obstructed the approach to petitioner's place of business from an easterly direction, for the reason that the engine and cars, when backed on and switched to the side-track, are stopped directly in front of plaintiff's place of business, in order that vehicles and automobiles may be removed from the curb of West Wayne street, so that the defendants' train and cars will not damage said vehicles which are parked along West Wayne street; that the switching and transferring of cars on said side-track will practically paralyze the places of business along West Wayne street, for the reason that it will be impossible for automobiles and other vehicles to approach plaintiff's place of business when said cars are being switched on to and along the side-track, and when cars are left standing in front of its place of business; and because the noise, smoke, cinders, etc., incident to the operation of the trains and cars along the side-track makes it practically impossible for customers of the bank to transact business with the officials of the bank; that the steam escaping from the engines, the ringing of the bells, the exhaust, and other noises incident thereto, will be deafening, for the reason that the side-track will be directly in front of the plaintiff's place of business, and only a few feet from the main entrance to the bank; that the use of the track will occur almost daily and thereby constitute a continuing nuisance injurious to the traveling public and to the employees of the bank, and will cause the bank to lose customers, as it is almost impossible for customers to transact business in said bank when the side-track is being used as alleged; that the use of the track as indicated will deprive petitioner of the benefits of the principal and only approach to its place of business, rendering it less valuable and less remunerative, will depreciate the market and rental value of its banking house and its storehouse occupied by Chandler Brothers,

as well as the enjoyment of its property by reason of the noise, smoke, and cinders incident to the use of said side-track by the defendants. The prayers are, that the defendant be restrained and enjoined from laying, constructing, and connecting the side-track to its main track on Wayne street, and from doing any of the acts or things complained of in the petition and amendment.

In the answer it is averred that "the relocating of the lead or connection between the main portion of the side-track and the main-line track does not change the former existing status, in that prior to such change said side-track was directly in front of petitioner's place of business, though as relocated it will be five feet, more or less, nearer to the sidewalk along which plaintiff's place of business is located."

*Cumming & Harper, Hines & Carpenter, Jones, Jones & Johnston,* and *J. A. Lowrey Jr.,* for plaintiff in error.

*Allen & Pottle,* contra.