28867.   JONES *v.* CEDARTOWN SUPPLY COMPANY *et al.*

DECIDED JUNE 5, 1941.

*W. L. Denton, C. B. McGarity,* for plaintiff in error.

*John L. Tison, Hutchens & Foster,* contra.

PER CURIAM. While the purchaser does not allege the value of the land he acquired and the value of the tract with the 22¾ acres included, so that it may be determined in what proportion he should be allowed an abatement in the purchase-price, according to the rule laid down in *Smith* v. *Kirkpatrick,* 79 *Ga.* 410 (2) (7 S. E. 258), and *Doss* v. *Wooten,* 139 *Ga.* 561, 564 (77 S. E. 793), in the event it should be held that under the facts otherwise disclosed he is entitled to a reduction in the purchase-price, the separate value of the 22¾ acres not being the measure of damages as the cited cases rule, still it is well settled that "A mere failure of a petition to allege facts showing the correct measure of damages does not render the petition bad as against general demurrer, where the petition otherwise sets out a cause of action. Where it appears from the allegations of the petition that the plaintiff is entitled to recover, and the amount of plaintiff's damage is alleged, the petition is good as against general demurrer." *A. C. L. Railroad Co.* v. *Tifton Produce Co.,* 50 *Ga. App.* 614 (3) (179 S. E. 125), and cit. Accordingly, in the present instance the failure of the defendant to set up the proper measure of damages in his plea and answer would not bar him from relief if it is shown that he is entitled to some damages or abatement in the purchase-price and some amount of damage is alleged. Whether he is entitled to any relief will be determined according to the law and the allegations of his plea and answer. "Where a vendor agrees to sell a designated tract of land to another and points out to the latter its boundaries, and the purchaser relies upon the representations of the vendor as to the boundaries, and where such boundaries include lands to which the vendor has no title, in consequence of which the purchaser loses the same, the purchaser, when sued on notes given for the purchase-money, can set off at law the value of the portion of the land so lost, against the purchase-money. This would be true whether the misrepresentations were designedly made by the vendor to deceive the purchaser, or were innocently made, if the vendee relied upon such misrepresentations in making the purchase and was thereby damaged." *Gibson* v. *Alford,* 161 *Ga.* 672 (2-c) (132 S. E. 442). See *Smith* v. *Kirkpatrick,* supra; *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136); *Duncan* v. *Bailey,* 162 *Ga.* 457

(3, 6) (134 S. E. 87). Many other decisions to the same effect, where the pointing out of boundaries was involved, could be cited. In *Cohron* v. *Woodland Hills Co.*, 164 *Ga.* 581 (2) (139 S. E. 56), it was held that "A false representation by the sales agent of the seller to the purchaser that a lot was located on a named avenue, which was made to induce the purchaser to buy the lot, and, with the same purpose, was repeated in the sales contract and in the bond for title given by the maker to the purchaser, with knowledge of its falsity, was such a fraud as would entitle the buyer to rescind the contract of sale, and she will not be precluded from so doing by reason of her failure to investigate and inform herself of the truth of the representation before entering into the contract of sale, although such investigation would have shown that such representation was false."

In the present case it is not claimed that the sellers were guilty of actual fraud. Only an instance of legal fraud is presented. In this respect it was said in *Gibson* v. *Alford*, supra: "Where the vendor sues the purchaser on notes given by the latter to the former for the purchase-money of land, the purchaser can defend at law by alleging and proving that at the time of the contract of purchase the vendor misrepresented to him the location of one of the boundaries of the tract purchased, whereby he failed to get a portion of the land which he contracted to buy, where such representation was made by the plaintiff to the defendant knowingly and wilfully, and for the purpose of deceiving the latter, and did deceive him to his damage. *Brannen* v. *Brannen*, 135 *Ga.* 590 (69 S. E. 1079). The rule would be the same if the misrepresentation was made innocently by the vendor, if the vendee relied upon such misrepresentation in making the purchase and was damaged. Fraud may exist from misrepresentation by one party which does actually deceive the other party, though the party making it was not aware that his statement was false. Civil Code (1910), § 4113 [Code of 1933, § 96-202]. In the forum of conscience a misrepresentation of the former kind is of a deeper dye than one of the latter kind; but in the forum of law both constitute fraud, the former positive fraud, and the latter legal fraud." The relief afforded the buyer in all of the reported cases is, of course, based on the fact of misrepresentation and the reliance thereon by him to his detriment. It appears in the allegations of the defendant's plea as amended that

the plaintiffs, through their agents, pointed out to the defendant a specific tract of land of a specific number of acres. This allegation is sufficiently definite as an identification of the land, even though it is not specifically alleged that the boundaries of the land were pointed out. We are of the opinion that the plea set up a defense against the notes sued on. The court erred in striking the plea. The subsequent proceedings resulting in a verdict and judgment for the plaintiffs were nugatory.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissenting. I concur in the above opinion of the court, except in the conclusion and ruling that the allegation in the defendant's answer as to pointing out 22¾ acres of land was a sufficient allegation, as against general demurrer, to identify a particular or definite tract of land, so as to make an issuable defense to the notes sued on, on the ground of fraud or misrepresentations. I dissent from this ruling of the court, because in such a question relating to land the fact of being deceived necessarily implies something definite and certain about which one may be deceived. I fail to find any case where with nothing more than was alleged to have been done by the sellers in the present case the buyer could be said to have been deceived. Undoubtedly, according to the allegations, the vendee here thought he was to get 22¾ acres which it turned out the bond for title did not include. He got 557½ acres of land, which is the total acreage the sellers proposed to deliver to him for $5500; and if he was to obtain 22¾ acres that he did not get, it necessarily follows that he received in the tract covered by the bond for title 22¾ acres of some description which he was not expecting to obtain; otherwise he would have to contend that he ought to have received 580¼ acres. But on what could he reasonably base his alleged deception? He does not claim that the sellers pointed out any boundaries. He does not claim that he was given any description of the alleged "22¾ acres" or shown any map or plat from which its location could even be surmised or suspected. He was not conducted over any ground as comprising 22¾ acres included in the purchase. It would obviously be an utter impossibility for one to know, for aught that appears in the plea and answer, just what in fact was pointed out. It could not be deeded, and it could not be located. In my opinion to "point out" 22¾ acres without some definite description or designation of its extent

or boundaries would be to attempt to do something so futile, chimerical, and insubstantial that no one could be said to be deceived thereby. "Deception" can not exist without something definite upon which the deception may be based. The buyer attached by amendment a plat showing the 22¾ acres he expected to get, and he sets out a description of it; but he does not allege that the sellers employed such a description in "pointing out." In fact it appears that the plat was made only after the dispute arose and he had caused a survey to be made. Rationally considered, the plea and answer do not show anything about which it could reasonably be said the buyer was deceived. He doubtless labored under some misapprehension, but he was not deceived within the meaning of the law applicable to such a case; and the decisions which deal with abatement of purchase-money do not go so far as to hold a seller responsible for a buyer's misapprehension. Inasmuch as it is not shown that the sellers were guilty of misrepresentation as to anything of such substance that it could reasonably be said that the buyer was deceived, no issuable defense was set forth as against the two notes sued on. Accordingly, in my opinion the court did not err in sustaining the plaintiffs' general demurrer and in dismissing the plea and answer, and in entering judgment on the verdict for the plaintiffs. I dissent from the judgment of reversal by the majority of this court, and am of the opinion that the judgment of the trial court should be affirmed.