33193. MINSK *v.* FULTON COUNTY.

DECIDED MARCH 15, 1951.

*Sidney Parks, for* plaintiff in error.

*W. S. Northcutt, E. A. Wright, James W. Dorsey, Durwood Pye,* contra.

WORRILL, J.  Fulton County filed a condemnation proceeding in the Superior Court of Fulton County to condemn certain real property consisting of a brick store building on Mitch'ell Street in the City of Atlanta, and the land upon which it stood, for the purposes of constructing a highway.  Thereafter, Nathan Minsk, as lessee of a portion of the property, filed his intervention seeking compensation for his leasehold interest in the property.  Pursuant to the provisions of the Code, Chap. 36-4, the parties each selected an assessor, and they in turn selected a third assessor, and the three made an award to the intervenor of $2250 for his leasehold interest in the property.  Both parties, being dissatisfied with the award, appealed to a jury in the superior court, and upon the trial of the case a verdict finding the value of the leasehold interest of Nathan Minsk in the property in question to be $1000 was returned, and judgment was entered thereon.  To this verdict and judgment the intervenor, Nathan Minsk, excepted and filed his motion for a new trial on the general grounds, which he thereafter amended by the addition of five special grounds.

It appeared from the evidence: that the plaintiff in error was the lessee of a portion of the premises sought to be condemned; that he operated therein a billiard parlor with eight tables; that under his lease he paid $75 per month rent; that the location of the property was in a colored section of the City of Atlanta rather near one of the colored universities, and that the intervenor's patronage was largely made up of students from the university and was wholly colored patronage; that the intervenor had purchased the business on February 11, 1948, and

took an assignment of the remainder of the lease term which ran from September 15, 1945, to September 15, 1950; that he vacated the premises on June 11, 1949, one year, three months and four days before the expiration of the lease, and that he was unable to resume business in the immediate neighborhood at all, but had to erect a building on a lot owned by him at a point some two or three miles distant from the property in question, and did not resume business until some four months after he vacated the premises in question. The evidence showed that the intervenor returned a total of $2016.93 as the net income from the operation of his business in 1948 on both his State and Federal income tax returns.

■ The first special ground of the amended motion for a new trial complains because the court permitted a witness for the condemnor to answer the question, "May I ask you what was the reasonable rental value of that poolroom business being carried on at this location at the time you made your investigation?", in these words: "We felt that $75 was the maximum rental value of the premises as a poolroom." The second special ground alleges error because the court permitted the only other witness for the county to be asked the following question, and to answer the question in the manner he did: Q. "Did you formulate an opinion, along with Mr. Maddox and Mr. Ward Wight, as to the actual market value and worth for rent of this poolroom?" A. "Yes, I did formulate an opinion as to its worth. In my opinion, the amount of $75 under the lease was the maximum rental for those premises in the condition they were in and apparently had been for some time, in that particular location." To each of these questions and the answers thereto the intervenor objected on the ground, "That the same was irrelevant, immaterial, and had no connection whatever with the case; that the lease itself speaks for what is the rent of the premises and that what was the reasonable rental value of those premises was immaterial."

These grounds of the motion for a new trial are without merit. Where premises occupied by a lessee in conducting a business are condemned for the purpose of making public improvements, and the leasehold, or a portion of it is destroyed when the lessee is compelled to remove because of such con-

demnation proceedings, the measure of damages has generally been held to be the value of the leasehold less any rents to be paid by the lessee. As material and illustrative of the value of the leasehold, it is competent to show that the lessee is paying all that the premises are worth under the circumstances or that he is paying more or less than they are worth, the duration and extent of the tenacy at the time of its destruction, the nature of the business conducted by the lessee therein, whether profitable or unprofitable and how much so, and the nature and extent of improvements made by the lessee on the premises and the fixtures installed by him as tending to illustrate an increased rental value in the premises. *Pause* v. *City of Atlanta*, 98 *Ga.* 92, 105 (26 S. E. 489). It is very material as illustrating the value of the leasehold destroyed by the condemnation to show that the lessee has, by the lease contract signed by him, secured an advantage in the renting of the particular premises, in that they could reasonably be rented for a greater sum, or that the converse is true. Under such circumstances, the condemnor's witnesses, having properly qualified themselves by testifying as to their experience in dealing with real estate in and around Atlanta over considerable periods of time, and as to their knowledge and acquaintance with the rental market in Atlanta, it was not error for the trial court to permit them to give their opinion as to the rental value of the premises as of the time of the condemnation.

■ The third and fourth special grounds of the motion for a new trial complain of error because the court refused to permit the intervenor to introduce evidence that he had had to pay $75 per month for four months to store his pool tables and other equipment while he was building a place to resume his business, and because the court also refused to permit him to testify that he had had to erect a building at a cost of $11,200 in order to have a place for his business. These facts were in no way illustrative of the value of the leasehold interest which the intervenor had in the property condemned, and the trial court did not err in refusing to admit evidence of these facts in the record.

■ The final special ground of the motion for a new trial complains of the following charge of the court as being erroneous and not sound as an abstract principle of law: "Now,

gentlemen, I charge you that the measure of compensation where a leasehold interest is taken for public purposes is the value of the leasehold estate, less the rents provided in the lease and which the condemnee is obligated therein to pay during the unexpired term of the lease. In other words, the condemnee in this case would be entitled to recover the reasonable market value, or the reasonable value, of his leasehold estate at the time the premises under lease were taken by the County, less the rents provided to be paid by the condemnee under the terms of his lease for the unexpired term.

"So, gentlemen, I charge you that, in arriving at the value of the condemnee's leasehold interest in the premises taken by the County, that you would have the right to take into consideration the nature of the business carried on in the premises, whether or not the business was profitable, the profits derived from the business carried on in the premises so leased, the cost of the fixtures or other improvements placed therein, and 'articles purchased for the purpose of enabling the lessee to conduct such business. You would have the right to take into consideration all of those facts in arriving at the value of the leasehold interest. The loss of profits or the cost of improvements or fixtures would not be items of damages that the condemnee would be entitled to recover in this case, but you would have the right to take all of those circumstances into consideration, if shown by the evidence, in arriving at the value of the condemnee's leasehold interest in the premises in question.

"You would take into consideration the character of the premises leased, its situation and availability for different uses of said premises, not only the uses for which it is being put, but uses to which the premises could be adapted; its location, its situation, its capabilities; and, taking all of the facts and circumstances as disclosed by the evidence into consideration; arrive at the value of the condemnee's leasehold estate.

"I charge you that he would be entitled to recover the value of the leasehold interest at the time the premises were taken by the County, less the rents provided for in said lease which the condemnee was obligated to pay, the amount of rent he was obligated to pay under the terms of the lease. You would take into consideration the unexpired term, the period of time to

which the condemnee was entitled to possession, use and enjoyment of the premises taken under the terms of the lease. You would take into consideration the length of time before the lease expired, and all the facts and circumstances, and arrive at just and adequate compensation for the leasehold interest of the condemnee in this case."

This charge was not subject to the criticism made. It correctly stated the law as to the measure of damages, and the portion of the charge complained of in this ground was not only abstractly correct, but was in most of its elements a statement of the law favorable to the intervenor. See *Pause* v. *City of Atlanta,* supra; *Bass* v. *West,* 110 *Ga.* 698 (3, 4), 703, 705 (36 S. E. 244); *Hayes* v. *City of Atlanta,* 1 *Ga. App.* 25 (57 S. E. 1087). The trial court did not err in overruling this ground of the motion for a new trial.

The evidence authorized the verdict, and the trial court did not err in overruling the motion for a new trial on the general grounds.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*