## 36355. McGHEE *v.* FLOYD COUNTY.

DECIDED FEBRUARY 25, 1957.

*Maddox & Maddox*, for plaintiff in error.

*Matthews, Maddox, Walton & Smith, John W. Maddox*, contra.

TOWNSEND, J. ■ In an action by the owner of a leasehold interest in lands seeking recompense for the taking of private property for public purposes, it is not necessary for the plaintiff to attach to his petition a copy of the lease agreement. *Housing Authority* v. *Savannah Iron & Wire Works*, 90 *Ga. App.* 150 (2a), 161 (82 S. E. 2d 244). The trial court erroneously sustained ground 2 of the demurrer.

■ The correct measure of damages for the loss of use of

leased property is the diminution in the market value of the leasehold during the remainder of the unexpired term of the lease, less any rents to be paid by the lessee. *Pause* v. *City of Atlanta*, 98 *Ga.* 92 (26 S. E. 489, 58 Am. St. R. 290); *Minsk* v. *Fulton County*, 83 *Ga. App.* 520 (64 S. E. 2d 336). Accordingly, paragraph 4 of the petition was subject to ground 3 of the demurrer as it alleged a wrong measure of damages, and the court did not err in sustaining this ground. But the fact that the wrong measure of damages is alleged does not make the petition subject to general demurrer. *Jones* v. *Cedartown Supply Co.*, 65 *Ga. App.* 80 (15 S. E. 2d 268). And the petition should not be dismissed on this ground without giving the plaintiff leave to amend by setting up a correct measure of damages.

■ The remaining grounds of demurrer will be considered together. Construing this petition against the pleader, and recognizing its many inadequacies, it nevertheless alleges facts showing that the plaintiff seeks to recover remuneration compensating for the taking of property by the county, an arm of the government, for public purposes, the plaintiff's interest in the property being a leasehold interest which would entitle him to compensation for such taking under Art. I, Sec. III, Par. I of the Constitution of this State (Code, Ann., § 2-301). The defendant in error contends that since the taking by the county must be for a public purpose *of the county* (see *Kitchens* v. *Jefferson County*, 85 *Ga. App.* 902 (3), 70 S. E. 2d 527) and since the petition shows on its face that the street to be constructed or improved was located within the City of Rome, the petition shows that the taking was for a municipal and not a county purpose. The land taken in the *Kitchens* case was affirmatively shown to be a cemetery entrance and roadway which formed no part of the county or State highway system within the defendant municipality. Counties may take property within the incorporated limits of a city for county purposes in cooperation with the city under Code Chapter 23-6, and may take such property for a State-aid road or highway whether the Code procedure set forth in Code Chapter 95-2 is followed or not. *Lee County* v. *Mayor &c. of Smithville*, 154 *Ga.* 550 (115 S. E. 107). The petition alleges that Floyd County took the area in question "in the conduct of

its business," and, no facts appearing to show that this is untrue, it must be taken as alleged that the county took the land for county purposes. *County of Bibb* v. *Reese*, 115 *Ga.* 346, 347 (41 S. E. 636) deals with the evidence on the trial of the case rather than the allegations of the petition, and states that "while the Constitution declares that private property shall not be taken or damaged for public use without just compensation, the taking or damaging referred to must be by some authority empowered by law to do those acts; and before a recovery can be had against a county for taking or damaging private property, it must be shown that the proper authorities of the county were responsible for the taking or damaging, or that they ratified it after the property was so taken or damaged." This rule of law does not require that the constitutional provision or statute under which the county is alleged to be liable be specifically referred to, but it requires that the petition must allege facts which, if proved, entitle the plaintiff to recover, and one of the facts it is necessary to prove is that the alleged change was made under the authority of officers of the county who were empowered by law to do the work complained of in the petition. If this is shown, then the county could not defend on the ground that its taking, in the conduct of its business, was for an unlawful purpose. Accordingly, a cause of action is set out, although imperfectly, and the trial court erred in sustaining the general demurrer, the effect of which was to dismiss the petition.

The court did not err in sustaining one of the grounds of special demurrer, but such action does not automatically dismiss a petition. The rule, as stated in *Farmers Mutual Fire Ins Co.* v. *Pollock*, 52 *Ga. App.* 603, 606 (184 S. E. 383) is as follows: " 'The proper judgment on a special demurrer going only to the meagerness of the allegations of a pleading is not a judgment sustaining the demurrer and dismissing the pleading, but a judgment requiring the pleader to amend and make his pleading more certain in the particulars wherein he has been delinquent; and then, if he refuses to amend, the pleading may be dismissed, if the delinquency relates to the entire defense [or right of action] set up in the pleading.' *Griffeth* v. *Wilmore*, 46 *Ga. App.* 96 [166 S. E. 673]; *Wardlaw* v. *Ex. Com.*, 47 *Ga. App.* 595 (3) (170 S. E.

830); *Broyles* v. *Haas,* 48 *Ga. App.* 321 (6) (172 S. E. 742); *Moseley* v. *Equitable Life Assurance Society,* 49 *Ga. App.* 424 (3) (176 S. E. 87)." Accordingly the status of the petition at this time is that it is still pending in the trial court, and the plaintiff still has opportunity to amend in order to avoid an eventual dismissal if he desires to do so.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*