## 20758. AMMONS *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

HAWKINS, Justice. Daniel Landers brought his petition against Central of Georgia Railway Company and others to enjoin the prosecution by the railway company of a condemnation proceeding to acquire a right of way across described land of the plaintiff, upon which land was located a portion of the residence occupied by the present plaintiff in error, Lula P. Ammons, as tenant of the plaintiff, and to enjoin the defendant from entering upon or interfering with the plaintiff's enjoyment of the same in any manner. To this petition the defendant railway company filed its answer and cross-bill, in

which it made certain allegations with respect to previous litigation between the parties; alleged that it had prosecuted its condemnation proceeding against the plaintiff to a conclusion; had tendered to plaintiff the amount of the award therein, which had been refused; and that it had paid the amount of the award into the registry of the court; that the plaintiff and a person who occupied a house located in part upon the premises had interfered with the company's servants and employees in the preparations for the construction of a track over the right of way, and prayed that the plaintiff, his agents, servants, tenants, and employees be temporarily restrained and permanently enjoined from in any wise interfering with the company's servants, agents, and employees in the construction of the spur track over said right of way, and necessary activities precedent thereto; and that the tenant, whose name was unknown and was therein referred to as Jane Doe, be served and made a party to said proceedings. A rule nisi was issued on this answer and cross-bill requiring the tenant to be served and to show cause why she should not be made a party to the proceedings.

Thereafter, Lula P. Ammons filed her answer to the railway company's cross-petition and her cross-action against the railway company, alleging that she was in possession of the residence referred to in the proceedings and the land adjacent thereto on which she had cultivated a garden as tenant of the plaintiff; that she had been in possession thereof for a long number of years as the tenant of the plaintiff and his predecessors in title; was in possession thereof at the time the railway company instituted its condemnation proceedings to which she was not a party; that the railway company, having caused to be cut a deep and wide depression between her dwelling house and her garden, and extending to the front door of her said house, has constituted a taking and damaging of her leasehold or tenancy interest in and as to the property occupied by her, which will be extended by the laying of a track at and by the front door of her dwelling house, and the operation thereon of cars and trains will be a continuing interference with her said tenancy, and a continuing trespass; and she prayed that she be made a party to the proceedings; that the railway company, its officers, agents, employees, servants, and contractors, and any others acting for it, be temporarily restrained and permanently enjoined from interfering with her

tenancy by the destruction or impairment of any of the premises thereto relating, or by acts physically committed for the purpose of intimidating her into vacating the premises occupied by her without lawful process instituted for the purpose of such eviction and dispossession, and for general relief.

On the interlocutory hearing, the plaintiff testified that she had been a tenant on and in the place described in her cross-action for twenty years, first under the plaintiff's father, and when he died she rented from his two sons; that she never had any written contract and paid $8 per month, and paid her rent by the month. At the conclusion of the interlocutory hearing, the trial judge entered the following order:

"The prayers of the cross-action of Lula P. Ammons against the defendant Central of Georgia Railway Company and the rule nisi thereon, in the above entitled cause, coming on regularly to be heard on interlocutory hearing, after hearing evidence and argument of counsel, it is hereby considered, ordered, and adjudged that the said defendant Central of Georgia Railway Company be enjoined until the trial or the further order of the court from interfering with the occupancy and possession by said Lula P. Ammons of the dwelling house which she occupies on land in said Land Lot 96 of the 14th District of Fulton County, Georgia. The prayers of said Lula P. Ammons for temporary or interlocutory injunction made in her cross-action, as amended this day, against said defendant, Central of Georgia Railway Company, are otherwise hereby denied."

Following the rendition of this order and judgment, the plaintiff in error excepts as follows: "To the action of the court in denying her temporary or interlocutory injunctive relief fully in the particulars prayed for by her in her cross-action, as amended, against the defendant Central of Georgia Railway Company, and to the extent, as she contends, as demanded by the allegations of her said amended cross-action" and the evidence there adduced, the said Lula P. Ammons then and there excepted, and now excepts and assigns the same as error upon the ground that the same was contrary to law and the rules and principles of equity for the following specific reasons: (1) that the railway company has taken and damaged her leasehold or tenancy interest in and as to the property occupied by her and in her possession without her having first been paid just and adequate compensation therefor, in violation of art. 1, sec. 3, par. 1 of the Constitution of the State of

Georgia (Code § 2-301); (2) that never having been made a party to any purported condemnation proceedings, she has been, is now being, and will continue to be deprived of her property without due process of law in contravention of the provisions of art. 1, sec. 1, par. 3 of the Constitution of Georgia (Code § 2-103), and of the statutory provisions of Code § 36-304, requiring that an original notice of condemnation be served upon the holder of a lease and tenancy interest in the affected property; (3) that the order of the court having provided only partially for the protection of her property interest, only as to the occupancy of a dwelling house, which is merely a portion of the tenancy, she has been denied her rights under art. 1, sec. 1, par. 2 (Code § 2-102) of the Constitution of Georgia, providing that the paramount duty of government is the impartial and complete protection of person and property; (4) that the cutting of the depression between the dwelling house and the garden by the railway company has violated its charter, inherited from its predecessor, Central Railroad & Banking Company of Georgia, as embodied in Ga. L. 1835, pp. 217, 227, § 15, as follows: *"And provided also, that it do not interfere with the house, mill or other building, or yard enclosure of individuals;"* and (5) unless enjoined, the taking and damaging of her said property interest will enlarge and expand to the laying of a rail track at and by the front door of her said dwelling house, and the operation thereon of cars and trains, which will be a continuing interference with her tenancy and possession and a continuing trespass, against which only equity can adequately relieve. *Held:*

1. A tenant of premises, although he has no estate in the land, is the owner of its use for the term of his rent contract, and can recover damages for any injury to such use. *Bentley* v. *City of Atlanta,* 92 *Ga.* 623 (18 S. E. 1013); *Bass* v. *West,* 110 *Ga.* 698 (36 S. E. 244); Code § 105-1403; 29 C. J. S. 988, § 143 (b).

2. "The estate of a tenant at will is a leasehold estate," and an existing tenancy at will is for a definite term of at least sixty days, since the landlord could not terminate it within a less period of time. *Hayes* v. *City of Atlanta,* 1 *Ga. App.* 25, 26 (2d), 31 (5) (57 S. E. 1087); Code § 61-105.

3. "A leasehold interest in premises for a definite term is property within the meaning of that word as it is employed in paragraph 1, section 3, article 1 of the Constitution of this State, in which provision is made against the taking or dam-

aging of private property for public purposes without just and adequate compensation being first paid." *Pause* v. *City of Atlanta,* 98 *Ga.* 92, 97 (1) (26 S. E. 489, 58 Am. St. Rep. 290); *Waters* v. *DeKalb County,* 208 *Ga.* 741 (69 S. E. 2d 274); *Towaliga Falls Power Co.* v. *Sims,* 6 *Ga. App.* 749 (65 S. E. 844); *McGhee* v. *Floyd County,* 95 *Ga. App.* 221 (97 S. E. 2d 529).

4. "Possession of land is notice of whatever right or title the occupant has." Code § 85-408; *Dyal* v. *McLean,* 188 *Ga.* 229 (3 S. E. 2d 571). Where a railway company seeks to acquire a right of way over lands of another by condemnation proceedings instituted under Chapter 36-3 of the Code, notice of the condemnation proceeding should be given not only to the owner of the land, but also to the owner or holder of a leasehold or usufructuary interest therein who is in possession. Code § 36-304; *Western & Atlantic R. Co.* v. *Western Union Tel. Co.,* 138 *Ga.* 420 (6), 430 (75 S. E. 471, 42 L. R. A. (NS) 225).

5. Where the holder of a leasehold or usufructuary interest in land has not been made a party to a condemnation proceeding instituted by a railway company against the owner of the land to acquire a right of way for the construction of a spur track over the land for public utility, which will destroy or damage such a leasehold or usufructuary interest, such lessee is entitled to enjoin the taking or damaging of his leasehold interest without just and adequate compensation being first paid. *Chambers* v. *Cincinnati &c. R.,* 69 *Ga.* 320; *Atlanta, Stone Mountain &c. R. Co.* v. *Bradley,* 141 *Ga.* 740 (81 S. E. 1104); *Louisville &c. R. Co.* v. *Merchants &c. Bank,* 166 *Ga.* 310 (143 S. E. 506); *Athens Terminal Co.* v. *Athens Foundry &c. Works,* 129 *Ga.* 393 (58 S. E. 891).

6. The charter of the defendant railway company having been granted in 1895, under the provisions of Title 94 of the Code, the power of eminent domain thereby conferred is not subject to the limitation, *"And provided also,* that it do not interfere with the house, mill or other building, or yard enclosure of individuals," imposed by the charter, granted by Ga. L. 1835, pp. 217, 227, § 15, to its predecessor, Central Railroad & Banking Company of Georgia. Code §§ 94-103, 94-301, 94-303, 94-304, 94-321, 94-322, and 94-323.

7. While " 'the necessities of one man's business can not be the standard of another's rights,' " (Wheatley *v.* Chrisman, 24 Pa.

St. 302; *Chestatee Pyrites Co.* v. *Cavenders Creek Gold Mining Co.*, 118 *Ga.* 255, 45 S. E. 267), and in *Williams* v. *City of LaGrange*, 213 *Ga.* 241, 243 (98 S. E. 2d 617), it is said: "However important may be the march of progress, including the building of roads, streets, and other public improvements, the Constitution of Georgia provides that 'Protection to person and property is the paramount duty of government, and shall be impartial and complete.' Code (Ann.) § 2-102. The right of the humblest individual in the enjoyment of his property must be protected. The right to take private property from the owner for public use often works extreme hardship and savors of oppression. Nothing but a public necessity can justify it, and then only in strict conformity with the law"—it is also well established by the decisions of this court that, in determining whether there has been an abuse of discretion in granting or refusing an injunction, the conveniences of the parties cannot be ignored. *Everett* v. *Tabor*, 119 *Ga.* 128 (4) (46 S. E. 72); *Maddox* v. *Willis*, 205 *Ga.* 596 (5) (54 S. E. 2d 632), and cases there cited. The trial judge was authorized to find that the construction of the proposed spur track by the railway company over the right of way extending from the railway company's main line in the city of Hapeville to the Atlanta Municipal Airport was requested by Atlanta city officials, and approved by the Public Service Commission; that its purpose is to transport airplane fuel to storage tank facilities located on the airport property, which airport is used by five major trunk air lines, by one air freight line, and by a number of other airplanes engaged in interstate and intrastate commerce and private service with more than 425 scheduled flights in and out of Atlanta each day; that the present storage facilities for approximately one and one-half million gallons of fuel are grossly inadequate, and that the spur track here involved will permit transportation of fuel to new tank farm facilities capable of storing ten million gallons, which will be necessary as the air lines using the airport put jet planes in service early in 1960, which said planes will tremendously increase the consumption of fuel and the requirements for fuel storage capacity. The trial judge having enjoined the defendant railway company until the trial or further order of the court from interfering with the occupancy and possession by the tenant Ammons of the dwelling house which she occupies on the land described in her cross-

action, and the evidence authorizing the judge to find that the tenant's right to cultivate the garden on land adjacent to the house occupied by her has not been destroyed, and the injury claimed by her not being irreparable, and no lack of solvency of the railway company being alleged, the discretion of the judge in denying further injunctive relief will not be controlled. *Oliver* v. *Union Point &c. R. Co.*, 83 *Ga.* 257 (5) (9 S. E. 1086); *Jones* v. *Camp*, 208 *Ga.* 164 (65 S. E. 2d 596); *Roughton* v. *Thiele Kaolin Co.*, 211 *Ga.* 15 (83 S. E. 2d 590); *Lowry* v. *Rosenfeld*, 213 *Ga.* 60 (96 S. E. 2d 581). A court of equity, having acquired jurisdiction of the subject matter and of all of the interested parties, may grant full and complete relief, either legal or equitable, as to all purposes relating to the subject matter, including the grant to the plaintiff in error of any damages to which she may be entitled. *Mendenhall* v. *Stovall*, 195 *Ga.* 492, 494 (24 S. E. 2d 795); *Kidd* v. *Finch*, 188 *Ga.* 492, 496 (4 S. E. 2d 187).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1960—DECIDED MARCH 15, 1960.

*Henry M. Henderson*, for plaintiff in error.

*Walter C. Scott, Jr., B. D. Murphy, Powell, Goldstein, Frazer & Murphy*, contra.