## 21906.  STATE HIGHWAY DEPARTMENT v. WESTERN UNION TELEGRAPH COMPANY.

DUCKWORTH, Chief Justice.  The Western Union Telegraph Company has held by written agreement since 1902 the privilege from the owner to occupy with its equipment the lands here involved.  In its conveyance to Chatham County —thereafter the grantor to the State Highway Department of the alleged right of way, there was an express condition that the rights of the Western Union Telegraph Company therein were to be respected by the grantee.  The Highway Department, ignoring this limitation on its rights, but with

full knowledge thereof, threatened to terminate without compensation the rights of Western Union, and the trial court enjoined it until compensation had been paid therefor. The exception is to that judgment. *Held:*

1. " 'The estate of a tenant at will is a leasehold estate,' and an existing tenancy at will is for a definite term of at least sixty days, since the landlord could not terminate it within a less period of time." *Ammons v. Central of Ga. R. Co.,* 215 Ga. 758 (2), 761 (113 SE2d 438). It is protected by the Constitution, Art. I, Sec. III, Par. I (*Code Ann.* § 2-301; Ga. L. 1945, Const. of 1945). *Pause v. City of Atlanta,* 98 Ga. 92 (26 SE 489, 58 ASR 290); *Waters v. DeKalb County,* 208 Ga. 741 (69 SE2d 274); *Ammons v. Central of Ga. R. Co.,* 215 Ga. 758, supra. And ". . . the holder of a leasehold or usufructory interest in land . . . is entitled to enjoin the taking or damaging of his leasehold interest without just and adequate compensation being first paid." *Ammons v. Central of Ga. R. Co.,* 215 Ga. 758, 762, supra. See also *Chambers v. Cincinnati &c. R.,* 69 Ga. 320; *Atlanta, Stone Mountain &c. R. Co. v. Bradley,* 141 Ga. 740 (81 SE 1104); *Athens Terminal Co. v. Athens Foundry &c. Works,* 129 Ga. 393 (58 SE 891); *Louisville &c. R. Co. v. Merchants &c. Bank,* 166 Ga. 310 (143 SE 506).

2. It follows that where, as here, Western Union had a contract with the owner whereby it was entitled to establish and maintain its equipment upon the land involved, and the State Highway Department had knowledge thereof, and its title was expressly made subject thereto, it could not exercise an option in the contract agreement to cancel it, by canceling a part but not all, and take or damage property therein without first paying therefor. Accordingly, the court did not err in enjoining the taking or injuring of petitioner's property without having paid therefor.

*Judgment affirmed. All the Justices concur.*

Argued January 16, 1963—Decided February 7, 1963—
Rehearing denied February 25, 1963.

*Eugene Cook, Attorney General, Carter Goode, Richard L. Chambers, Assistant Attorneys General, G. W. Channell,* for plaintiff in error.

*Heyman, Abram, Young, Hicks & Maloof,* contra.