### 52685. PEEK et al. v. DEPARTMENT OF TRANSPORTATION.

McMurray, Judge.

In early 1971 M. F. Peek and C. C. Barnes formed a partnership to conduct a hog raising business. The hogs were to be raised on land owned by B. C. Barnes, the father of C. C. Barnes. In order to conduct the hog raising business the partners built two main buildings and several sheds on the land of B. C. Barnes. As compensation for the use of the land owned by B. C. Barnes the fertilizer produced as a by-product of the operation was spread upon the pasture land of B. C. Barnes.

The hog raising business was carried on until 1974, at which time the business was terminated and M. F. Peek, the sole surviving partner, inasmuch as C. C.

Barnes had passed away, moved the operation to his farm.

On February 28, 1975, the Department of Transportation initiated condemnation proceedings against 29.562 acres of land owned by B. C. Barnes. Located on the area taken was one of the buildings erected by the partners. Another building was located close by but outside of the right of way being condemned for highway purposes.

M. F. Peek and the executors of C. C. Barnes' estate intervened alleging an oral lease of the property from the condemnee, B. C. Barnes.

Upon trial of the case the jury returned a verdict in favor of the condemnee for $90,000, and in favor of the intervenors for $22,600. Thereafter, the intervenors brought this appeal.

1. "The correct measure of damages for the loss of use of leased property is the diminution in the market value of the leasehold during the remainder of the unexpired term of the lease, less any rents to be paid by the lessee. *Pause v. City of Atlanta,* 98 Ga. 92 (26 SE 489, 58 ASR 290); *Minsk v. Fulton County,* 83 Ga. App. 520 (64 SE2d 336)." *McGhee v. Floyd County,* 95 Ga. App. 221 (2) (97 SE2d 529).

2. Intervenors argue that the jury could not have properly returned a verdict in their favor for $22,600 because a verdict of this amount indicates that the jury did not consider the value of their property which was taken and the value of the remaining period of the lease.

There was no evidence introduced as to the value of intervenors' leasehold. Even if the intervenors' suggestion that the rental payments be taken as the value of the lease, application of the above formula from *McGhee,* supra, will render the value of the leasehold taken as zero.

Both the Department of Transportation and the intervenors introduced evidence as to the value of the property taken. The verdict for $22,600 being within the range of evidence, it appears to reflect a correct application of the law as charged. *State Hwy. Dept. v. Jernigan,* 123 Ga. App. 393 (181 SE2d 287); *Lassiter v. State Hwy. Dept.,* 117 Ga. App. 128 (159 SE2d 302).

3. Intervenors enumerate as error six portions of the charge to the jury. The intervenors did not except to these charges at the time of the trial. " 'Failure to except before

verdict generally results in a waiver of any defects in the charge [cits.], the exception under Code Ann. § 70-207 (c) applying only when there has been a substantial error which was blatantly apparent and prejudicial, and which resulted in a gross miscarriage of justice. [Cits.]. Since the verdict returned was within the range of the testimony ... there is no miscarriage of justice.' *Bryant v. Housing Authority of the City of Atlanta,* 121 Ga. App. 32 (2) (172 SE2d 439)." *Durrett v. Farrar,* 130 Ga. App. 298, 306 (203 SE2d 265).

4. There was no error in refusal to give certain charges requested by the intervenors. Four of these involved the right of condemnees to be compensated for damages to property separate and distinct from the amount they are entitled to recover as the actual value of the property, including specifically losses of business profits and moving expenses; whereas the record contains no evidence of damages beyond the value of the property taken. *White v. Hammond,* 129 Ga. App. 408 (199 SE2d 809). Two others are involving partial performance exceptions to the statute of frauds and the other involving the authorization of a verdict for the value of the lease. These were adequately covered in charges given by the court.

5. Finally, there is no merit in intervenors' contention that the form of the verdict was misleading to the jury.

*Judgment affirmed. Marshall and Smith, JJ., concur.*

Submitted September 9, 1976 — Decided October 4, 1976.

*Gilbert & Bone, Aubrey W. Gilbert,* for appellants.
*William J. Wiggins, Arthur K. Bolton, Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Michael E. Hobbs, Assistant Attorney General, David H. Tisinger,* for appellees.