69761. ELLIS v. DEPARTMENT OF TRANSPORTATION.
(333 SE2d 6)

McMURRAY, Presiding Judge.

In this condemnation case the parties stipulated the following pertinent facts: The condemnor, Department of Transportation, filed its condemnation petition and on March 9, 1982, acquired fee simple title to 0.046 acres of land in Gwinnett County. Additionally, the condemnor took a temporary construction easement for a period of three years. The land was owned by P. M. Properties, Inc. (The claim of P. M. Properties, Inc. was settled and it is no longer a party to this action.) Condemnee Alvin J. Ellis was in possession of the property pursuant to a lease, sublease and assignment. The lease documents provided for an initial eight-year term commencing June 1, 1974, and ending May 31, 1982. These documents further provided that the lessee may, at his option, extend the term of the lease for three periods of five years each provided that notice be given to the lessor by the lessee no later than 45 days prior to the expiration of the original term or the extension period.

The record reflects that more than 45 days before the expiration of the original term of the lease, but after the March 9, 1982, taking, condemnee gave notice to the lessor of his intention to exercise his option for the first five-year renewal period. Thereafter, following the expiration of the original lease term, the condemnor commenced construction.

It was condemnee's contention that his leasehold interest was and would be damaged by the taking during the renewal terms of the lease. Condemnee conceded that damages to the leasehold interest during the term of the original lease were de minimis because (1) construction did not commence until after the expiration (May 31, 1982) of the original lease and (2) the time period between the date of taking and the expiration of the original lease term was so short.

Based upon the foregoing facts, the trial court ruled that as a matter of law the condemnee could not recover damages to the leasehold interest after the date the original lease expired which date was May 31, 1982. This appeal followed. Held:

" 'The correct measure of damages for the loss of use of leased

property is the diminution in the market value of the leasehold *during the remainder of the unexpired term of the lease,* less any rents to be paid by the lessee. *Pause v. City of Atlanta,* 98 Ga. 92 (26 SE 489, 58 ASR 290); *Minsk v. Fulton County,* 83 Ga. App. 520 (64 SE2d 336).' *McGhee v. Floyd County,* 95 Ga. App. 221 (2) (97 SE2d 529)." *Peek v. Dept. of Transp.,* 139 Ga. App. 780, 781 (1) (229 SE2d 554). (Emphasis supplied.) Condemnee contends the lease has not expired because he exercised his option in a timely manner. Thus, condemnee asserts he should be compensated for damages to the leasehold interest during the renewal terms of the lease. We agree.

Our constitution provides that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Georgia Constitution, Art. 1, Sec. 3, Par. 1 (a). "In *Woodside v. City of Atlanta,* 214 Ga. 75, 83 (103 SE2d 108), it is made clear that the taking or damaging with which the constitutional provision is concerned may be of any species of property. In the *Woodside* case the principle is pronounced: 'The term "property" is a very comprehensive one, and is used not only to signify things real and personal owned, but to designate the right of ownership and that which is subject to be owned and enjoyed.' " *Bowers v. Fulton County,* 221 Ga. 731, 737 (146 SE2d 884). Thus, "[a] tenant of premises, although he has no estate in the land, is the owner of its use for the term of his rent contract, and can recover damages for any injury to such use resulting from the construction of a duly authorized public improvement." *Waters v. DeKalb County,* 208 Ga. 741 (1) (69 SE2d 274). Moreover, "[a] valid option to renew a lease is in itself an interest in land such as will support a compensation award in an eminent domain proceeding. See *State of Cal. ex rel. State Public Works Board v. Whitlow,* 1966, 243 Cal. App. 2d 490, 52 Cal. Rptr. 336, 339-340; *Canterbury Realty Co. v. Ives,* 1966, 153 Conn. 377, 216 A2d 426, 430; *Sholom, Inc. v. State Roads Comm'n,* 1967, 246 Md. 688, 229 A2d 576, 580-582; *Land Clearance for Redev. Corp. v. Doernhoefer,* Mo. 1965, 389 S.W.2d 780, 785-786." *State Road Dept. v. Tampa Bay Theaters,* 208 S2d 485, 487 (Fla. App. 1968). Accordingly, we hold that where, as here, "a renewal lease is entered into after a taking or damaging by eminent domain, but in pursuance of the terms of a lease antedating such event, the lessee is entitled to recover as though the original lease had, in the first instance, provided both terms as one continuous term." 2 Nichols, Law of Eminent Domain, § 5.06 [1] (3rd ed. 1983).

The trial court erred in determining that condemnee was not entitled to recover damages to the leasehold interest for the renewal terms of the lease.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 12, 1985.

*J. Wayne Moulton*, for appellant.
*Joseph E. Cheeley, Richard B. Chandler, Jr.*, for appellee.